UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

HEATHER JANSEN,

            Plaintiff,

        v.

NEW YORK CITY DEPARTMENT OF EDUCATION; DAVID C. BANKS, Chancellor of the New York City Department of Education; MARION WILSON, Superintendent of District 31 of the New York City Department of Education,

            Defendants.

**MEMORANDUM & ORDER**
23-CV-6756 (HG)

**HECTOR GONZALEZ**, United States District Judge:

      Plaintiff Heather Jansen has applied to proceed *in forma pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a) in her *pro se* complaint under Title VII of the Civil Rights Act of 1964 (42 U.S.C. § 2000e *et seq*.), 42 U.S.C. § 1983, 42 U.S.C. § 1981, and the New York State Human Rights Law (N.Y. Exec. Law § 296 *et seq*.) against the New York City Department of Education ("DOE"), David C. Banks, in his official capacity, and Marion Wilson, in her official capacity. ECF Nos. 1, 2 (Complaint and Motion for Leave to Proceed IFP). For the reasons set forth below, the Court denies Plaintiff's application to proceed IFP.

## LEGAL STANDARD

      Under 28 U.S.C. § 1915, the court may waive the filing fee to commence a civil action upon finding a plaintiff indigent. The statute permitting litigants to proceed IFP is "intended for the benefit of those too poor to pay or give security for costs." *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 344 (1948). The statute seeks to ensure that indigent persons have equal access to the judicial system. *Davis v. N.Y.C. Dep't of Educ.*, No. 10-cv-3812, 2010

WL 3419671, at *1 (E.D.N.Y. Aug. 27, 2010).  A plaintiff seeking to proceed IFP must submit an affidavit stating, "that the person is unable to pay" filing fees "or give security therefor" and must also include "a statement of all assets" the person possesses.  28 U.S.C. § 1915(a)(1).  A litigant qualifies to proceed IFP if she "cannot because of [her] poverty pay or give security for" the costs of filing "and still be able to provide [her]self and dependents with the necessities of life."  *Adkins*, 335 U.S. at 339.

A court may dismiss a case that has been filed IFP if the court determines that the plaintiff's "allegation of poverty is untrue."  28 U.S.C. § 1915(e)(2)(A).  Courts in this district often deny a plaintiff's motion to proceed IFP if the litigant's statement of assets fails to establish the level of poverty required under the IFP statute.  *See, e.g.*, *Miller v. Smith,* No. 21-cv-2949, 2021 WL 2894973, at *2 (E.D.N.Y. June 2, 2021) (denying plaintiff's motion to proceed IFP after reviewing the information contained in her statement of assets); *Humphrey v. U.S. Army Corps of Eng'rs*, No. 21-cv-1901, 2021 WL 1837791, at *1 (E.D.N.Y. May 7, 2021) (denying plaintiff's motion to proceed IFP because plaintiff's financial declaration did not establish that she was unable to pay the filing fee).  "The question of whether a plaintiff qualifies for IFP status is within the discretion of the district court."  *Chowdhury v. Sadovnik*, No. 17-cv-2613, 2017 WL 4083157, at *1 (E.D.N.Y. Sept. 14, 2017).

## **DISCUSSION**

In support of her application to proceed IFP, Plaintiff submitted a financial declaration form.  ECF No. 2 (Application to Proceed IFP).  Plaintiff's application leaves blank the space to indicate whether she is presently employed and the spaces to indicate her gross pay or wages and her take-home pay or wages.  *Id.* at ¶ 2.  However, it appears from Plaintiff's motion papers that she is currently employed by the DOE as a teacher.  ECF No. 5 at ¶¶ 40–41 (Motion for a

Temporary Restraining Order and Preliminary Injunction). Plaintiff also states that she has no money in a checking or savings account but that she supports three daughters, and her monthly expenses include, among other things, $2,000.00 for a mortgage, $1,115.00 for three separate car payments, $600.00 for car insurance, $250.00 for utilities, and $625.00 for a loan. ECF No. 2 at ¶¶ 4, 5, 6, 7. Plaintiff asserts that she has credit card debt but does not include the amount that she owes, or detail whether she makes monthly payments. *Id.* at ¶ 8. Finally, although Plaintiff asserts in her Motion for a Temporary Restraining Order and Preliminary Injunction that her treatment by Defendants has impacted "her spouse," suggesting a current and ongoing relationship, Plaintiff asserts that her three daughters are 100% dependent on her for support and does not reference a spouse or any shared financial responsibilities on her IFP form. *Id.* at ¶ 7; ECF No. 5 at 25 (Motion for a Temporary Restraining Order and Preliminary Injunction).

Based on the limited information provided in Plaintiff's financial declaration form and her failure to provide complete information regarding her employment status, the Court is not satisfied that she is unable to pay the filing fees to bring this action and "still be able to provide [herself] and dependents with the necessities of life." *Adkins*, 335 U.S. at 339; *see also Miller*, 2021 WL 2894973, at *2; *Humphrey*, 2021 WL 1837791, at *1. Accordingly, Plaintiff's application to proceed IFP is denied.

## CONCLUSION

Plaintiff's IFP application is DENIED, and Plaintiff is granted 14 days leave from the entry of this Order to pay the $402.00 filing fee in order to proceed with this action. If Plaintiff fails to pay the filing fee to the Clerk of Court within 14 days, the action shall be dismissed without prejudice.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. *Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

SO ORDERED.

*/s/ Hector Gonzalez*
HECTOR GONZALEZ
United States District Judge

Dated: Brooklyn, New York
September 17, 2023