UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| HEATHER JANSEN,<br><br>               Plaintiff,<br><br>    v.<br><br>NEW YORK CITY DEPARTMENT OF EDUCATION; DAVID C. BANKS, Chancellor of the New York City Department of Education; MARION WILSON, Superintendent of District 31 of the New York City Department of Education,<br><br>               Defendants. | **MEMORANDUM & ORDER**<br>23-CV-6756 (HG) |

**HECTOR GONZALEZ**, United States District Judge:

      Plaintiff Heather Jansen has filed a motion seeking my recusal and asking me to vacate all orders and judgments, which I interpret as a motion for reconsideration pursuant to Rules 60(b) and 54(b) of the Federal Rules of Civil Procedure.  ECF No. 17.  For the reasons set forth below, the motion is denied.

### FACTUAL BACKGROUND

      On September 11, 2023, Plaintiff filed her complaint and her motion for a Temporary Restraining Order ("TRO") and Preliminary Injunction ("PI").  ECF Nos. 1, 5.  On September 20, 2023, I denied Plaintiff's application for a TRO and PI because Plaintiff had failed to make the requisite showing of immediate or irreparable harm (the "September Order").  ECF No. 16. On October 3, 2023, Plaintiff moved for my recusal and for reconsideration of the September Order.  ECF Nos. 17, 18.

## **DISCUSSION**

Plaintiff has failed to identify grounds under which I should recuse myself from this case or reasons that warrant reconsideration of the September Order.

### I.     **Plaintiff's Motion for Recusal**

A judge must recuse himself from any case in which he has "a personal bias or prejudice" against or in favor of one or more of the parties.  28 U.S.C. § 144; *see also* 28 U.S.C. § 455(b)(1) (requiring recusal where a judge has "a personal bias or prejudice concerning a party").  A determination regarding such personal bias or prejudice should generally be made "on the basis of conduct extrajudicial in nature as distinguished from conduct within a judicial context."  *In re IBM Corp.*, 618 F.2d 923, 928 (2d Cir. 1980).[1]  However, "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion."  *Liteky v. United States*, 510 U.S. 540, 555 (1994); *see also Gallop v. Cheney*, 645 F.3d 519, 520 (2d Cir. 2011) ("Prior rulings are, ordinarily, not a basis for disqualification.").

A judge must also recuse himself in any proceeding in which his "impartiality might reasonably be questioned."  28 U.S.C. § 455(a); *Koehl v. Bernstein*, 740 F.3d 860, 863 (2d Cir. 2014) ("A judicial officer is disqualified by law from acting in any proceeding in which the officer's impartiality might reasonably be questioned . . . .").  A judge should recuse himself if "a reasonable person, knowing all the facts, [would] conclude that the trial judge's impartiality could reasonably be questioned."  *United States v. Lovaglia*, 954 F.2d 811, 815 (2d Cir. 2007); *see also United States v. Yousef*, 327 F.3d 56, 169 (2d Cir. 2003) ("We have interpreted 28 U.S.C. § 455 as asking whether an objective, disinterested observer fully informed of the underlying facts, would entertain significant doubt that justice would be done absent recusal, or

---

[1]     Unless noted, case law quotations in this order accept all alterations and omit internal quotation marks, citations, and footnotes.

alternatively, whether a reasonable person, knowing all the facts, would question the judge's impartiality."). "[T]he decision to recuse rests within the sound discretion of the judge whose recusal is sought." *U.S. Commodity Futures Trading Comm'n v. McRuden*, No. 10-cv-5567, 2015 WL 7161175, at *3 (E.D.N.Y. Nov. 13, 2015). Under 28 U.S.C. § 455(a), as under 28 U.S.C. § 455(b)(1), a judicial ruling is "almost never" sufficient to merit recusal. *Liteky*, 510 U.S. at 555; *see also United States v. Colon*, 961 F.2d 41, 44 (2d Cir. 1992) ("[E]arlier adverse rulings, without more, do not provide a reasonable basis for questioning a judge's impartiality.").

Here, Plaintiff appears to have scoured the internet to find some basis for my recusal, no matter how far-fetched, due to her dissatisfaction with my September Order. The motion is not only frivolous, but the arguments raised therein amount to a syllogism whose "logic" is premised on a *non sequitur* of numbing proportion. Essentially, Plaintiff claims that, in part, she was demoted because she reported allegedly inappropriate conduct by a teacher at her school, Grace Seddio-DiMaio, whose father, Frank Seddio, is apparently politically connected. Attempting to weave together attenuated threads, Plaintiff alleges that I have a conflict of interest because I may have met with Mayor Adams in a professional capacity in the early 2000s when I was the Chair of the New York City Civilian Complaint Review Board and Mayor Adams then led an advocacy group known as 100 Blacks in Law Enforcement Who Care. Plaintiff goes on to allege that Mayor Adams has long-standing personal and professional relationships with Mr. Seddio and with Chancellor David Banks, a Defendant in this action. ECF No. 17 at 5–7. Even more attenuated than the Mayor Adams argument, Plaintiff further alleges that I also have a conflict of interest because members of my family may have, years ago, worked with the Clintons, who allegedly have "strong political ties" to Mr. Seddio.

These conclusory accusations do not constitute facts that would lead a reasonable person

to conclude that I cannot be impartial in this case or that I might be personally biased against Plaintiff.  *See*, *e.g.*, *Lovaglia*, 954 F.2d at 815 (holding that a judge should recuse himself if "a reasonable person, knowing all the facts," would conclude that his "impartiality could reasonably be questioned").[2]  No extrajudicial factors influenced my decision to deny Plaintiff's motion for a TRO and PI.  *See In re IBM Corp.*, 618 F.2d at 928.  My decision was based purely on reviewing Plaintiff's complaint, her motion for a TRO and PI, and the accompanying exhibits. ECF Nos. 1, 5, 8.  To the extent Plaintiff filed her motion because she disagrees with my September Order, *see* ECF No. 17 at 8, her dissatisfaction with my ruling does not constitute a valid basis for her recusal motion.  *See Liteky*, 510 U.S. at 555; *Gallop*, 645 F.3d at 520. Plaintiff has failed to articulate any valid basis for my recusal.  I therefore decline to recuse myself from this case.

## II. Plaintiff's Motion for Reconsideration

Plaintiff also asks me to "issue an order vacating all orders and judgments of the Court entered to date," alleging that I made material errors in the September Order.  I interpret Plaintiff's request as moving for reconsideration pursuant to Federal Rule of Civil Procedure 60(b)(1) and (6), both of which she references in her motion and as moving for reconsideration pursuant to Federal Rule of Civil Procedure 54(b), which she does not reference in her motion.

Rule 60(b) allows the Court to relieve a party from a judgment or order in certain circumstances, including "(1) mistake, inadvertence, surprise, or excusable neglect. . . ; or (6)

---

[2]     In her rush to disparage my impartiality, Plaintiff fails to acknowledge that nothing in her papers links the teacher she reported, Grace Seddio-DiMaio, to her allegedly politically connected father, Frank Seddio, other than a portion of her surname and vague assertions that the teacher Plaintiff reported had an influential father.  In fact, Plaintiff's complaint and motion for a TRO and PI do not actually name the teacher involved, referring to her by her initials as "G.S.D."  Ms. Seddio-DiMaio's full name only appears in the exhibits to Plaintiff's motion for a TRO and PI, and she is often referenced as only "Ms. DiMaio" or "Grace DiMaio."  *Compare* ECF No. 8 at 14, 134, 159, *with* ECF No. 8 at 133, 137, 140, 167.

4

any other reason that justifies relief." Fed. R. Civ. P. 60(b)(1), (6). "Since [Rule] 60(b) allows extraordinary judicial relief, it is invoked only upon a showing of exceptional circumstances." *Nemaizer v. Baker*, 793 F.2d 58, 61 (2d Cir. 1986); *see also Ruotolo v. City of New York*, 514 F.3d 184, 191 (2d Cir. 2008) (explaining that Rule 60(b) is "a mechanism for extraordinary judicial relief invoked only if the moving party demonstrates exceptional circumstances"); *Brooks v. Doe Fund, Inc.*, No. 17-cv-3626, 2020 WL 5706451, at *2 (E.D.N.Y. Sept. 24, 2020) ("[R]elief under Rule 60(b) is generally not favored and is properly granted only upon a showing of exceptional circumstances."). "It is within the sound discretion of the district court whether or not to grant a motion for reconsideration." *Markel American Ins. Co. v. Linhart*, No. 11-cv-5094, 2012 WL 5879107, at *2 (E.D.N.Y. Nov. 16, 2012). "A Rule 60(b) motion is properly denied where it seeks only to relitigate issues already decided." *Djenasevic v. New York*, No. 17-cv-6366, 2019 WL 2330854, at *2 (E.D.N.Y. May 30, 2019); *see also Ceparano v. Suffolk County, New York*, No. 10-cv-2030, 2013 WL 1749898, at *2 (E.D.N.Y. Apr. 17, 2013) ("Reconsideration is not a proper tool to repackage and relitigate arguments and issues already considered by the Court in deciding the original motion.").

However, "[b]y its express terms, Rule 60(b) applies only to *final* orders, not interlocutory orders." *New Falls Corp. v. Soni Holdings, LLC*, No. 19-cv-449, 2020 WL 9211146, at *4 (E.D.N.Y. Sept. 30, 2020), *report and recommendation adopted*, 2021 WL 855939 (E.D.N.Y. Mar. 5, 2021) (emphasis in original). Alternatively, "Rule 54(b) allows for reconsideration of non-final orders in the district court's equitable discretion . . . . [D]ecisions referenced in Rule 54(b) may not usually be changed unless there is an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent a manifest injustice." *Id.* at *5. "Consequently, the standard for granting a reconsideration motion

5

[under Rule 54(b)] is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked." *Tafolla v. County of Suffolk*, No. 17-cv-4897, 2020 WL 6826255, at *2 (E.D.N.Y. Nov. 20, 2020). "It is well-settled that a motion for reconsideration is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple." *Id.* Reconsideration is "an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." *Town of Oyster Bay v. Northrop Grumman Sys. Corp.*, No. 05-cv-1945, 2010 WL 11623604, at *1 (E.D.N.Y. May 21, 2010)

Courts in this Circuit have found that a preliminary injunction is not a final order. *See, e.g.*, *D9 Collection, L.L.C. v. Jimmy Jazz, Inc.*, No. 11-cv-8752, 2012 WL 13034897, at *2 n.2 (S.D.N.Y. June 29, 2012) ("Defendants' motion therefore cannot be construed as one for relief from entry of a final judgment or order pursuant to Rule 60(b), as a preliminary injunction is not a final judgment, order, or proceeding that may be addressed by a motion for relief from judgment."). This logic applies even more forcefully here because the September Order denied Plaintiff's request for a TRO and PI. However, the Second Circuit has declined to address whether the Rule 60 standard for final orders or the more flexible Rule 54(b) standard for interlocutory orders applies to preliminary injunctions. *See Aurelius Cap. Master, Ltd. v. Republic of Argentina*, 644 F. App'x 98, 106 n.1 (2d Cir. 2016) (finding that it need "not decide this question as the district court did not abuse its discretion under Rule 54(b) or Rule 60(b)(5)"). Accordingly, even though Plaintiff makes no reference to Rule 54(b) in her motion, I will consider Plaintiff's motion as one for reconsideration under both Rule 54(b) and Rule 60(b).

Here, Plaintiff has not satisfied either the Rule 54(b) or the Rule 60(b) standard for me to reconsider the September Order. Plaintiff has merely reiterated arguments from her original motion for a TRO and PI, which I fully considered in denying the motion and finding that Plaintiff had not made a showing of immediate or irreparable harm, and has not pointed to controlling decisions or data that I overlooked. For example, in her motion for reconsideration: (1) Plaintiff points me to the very record that I already fully considered in denying her motion rather than any new case law or information that might warrant reconsideration, *see* ECF No. 17 at 10; (2) Plaintiff cites to no case law at all to support her insistence that I should reconsider my finding that she has not successfully demonstrated that she faces irreparable harm to her reputation that cannot be adequately addressed by money damages; and (3) Plaintiff asks me to "consider whether her actions in reporting the teacher's conduct were indeed within the scope of her official duties," *see* ECF No. 17 at 13, without reference to any case law and ignoring that I did in fact consider that very question and reached the conclusion that her conduct *was* within the scope of her official duties under controlling precedent, *see* September Order at 8.

Plaintiff also alleges for the first time that she "has invoked not only her First Amendment rights but also the New York Whistleblower Law." ECF No. 17 at 13. None of Plaintiff's prior filings reference any New York laws related to whistleblowers. Rather, to the extent that Plaintiff's papers allege that she was retaliated against because of whistleblowing activities, they clearly assert those claims under the First Amendment and Section 1983 rather than any state statute. *See, e.g.*, ECF No. 5 at 17 (Motion for TRO and PI) (alleging that Defendants' actions "violate PLAINTIFF's fundamental constitutional rights, specifically the right to engage in whistleblowing by using her first amendment right to report the wrongdoing, without fear of retaliation"); ECF No. 1 at 7 (Complaint) (stating that Plaintiff is bringing a claim

7

under Section 1983 for the violation of her First Amendment rights because she was retaliated against after reporting inappropriate behavior by a teacher at her school, including that the teacher stole her cellphone and engaged in abusive behavior towards a student). Accordingly, it was not a mistake for me to analyze Plaintiff's speech claims under the framework of the First Amendment.

Plaintiff's motion for reconsideration is no more than an effort to take a second bite at the apple by repackaging and relitigating the arguments and issues on which I already ruled in the September Order. *See Tafolla*, 2020 WL 6826255, at *2; *Ceparano*, 2013 WL 1749898, at *2. Plaintiff's arguments fail to demonstrate that I overlooked anything in determining that she had not made a showing of irreparable harm.[3] Accordingly, Plaintiff's motion for reconsideration is denied pursuant to both Rule 54(b) and Rule 60(b).

## CONCLUSION

For the reasons set forth above, Plaintiff's motion to recuse and vacate all orders and judgments is DENIED.

In light of the frivolity of this motion, I direct counsel of record, Olivia Marie Clancy, who is listed as an associate attorney on her law firm's webpage, to share a copy of this Order with any partner, shareholder, or counsel at the Shegerian & Associates law firm (the "Firm")

---

[3] Plaintiff appears to conflate her First and Fourteenth Amendment *constitutional* claims with her Title VII *statutory* claim, suggesting that I should have analyzed the likelihood of success on the merits of her statutory Title VII claim. ECF No. 17 at 12. I only analyzed the likelihood of success on the merits of Plaintiff's First and Fourteenth Amendment claims because to show irreparable injury with respect to a constitutional claim, a plaintiff must also "show a likelihood of success on the merits." *Turley v. Giuliani*, 86 F. Supp. 2d 291, 295 (S.D.N.Y. 2000); *A.H. ex rel. Hester v. French*, 985 F.3d 165, 176 (2d Cir. 2021) (explaining that "[i]n cases alleging constitutional injury, a strong showing of a constitutional deprivation that results in noncompensable damages ordinarily warrants a finding of irreparable harm," and that "[l]ikelihood of success on the merits is therefore the dominant, if not the dispositive, factor" in deciding a preliminary injunction motion based on alleged constitutional violations).

who supervised the filing of this motion, and if no such individual exists, Ms. Clancy is directed to share a copy of this Order with Carney Shegerian, the founder of the Firm.  Ms. Clancy is further directed to file a letter with the Court by October 11, 2023, certifying compliance with this Order and noting the individual(s) to whom she provided a copy of this order.

     SO ORDERED.

                                                 */s/ Hector Gonzalez*
                                                 HECTOR GONZALEZ
                                                 United States District Judge

Dated: Brooklyn, New York
       October 6, 2023