UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

HEATHER JANSEN,

Plaintiff,

-against-

THE CITY OF NEW YORK, NEW YORK CITY
DEPARTMENT OF EDUCATION, DAVID C. BANKS, in
his official capacity as Chancellor of the New York City
Department of Education and MARION WILSON, in her
official capacity as Superintendent of District 31 of the New
York City Department of Education,

Defendants.

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS THE AMENDED COMPLAINT

***HON. SYLVIA O. HINDS-RADIX***
*Corporation Counsel of the City of New York*
*Attorney for Defendants*
*100 Church Street, 2nd Floor*
*New York, New York 10007*

*Of Counsel: Bryan Carr Olert*
*Tel: (212) 356-2203*

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................................ iii

PRELIMINARY STATEMENT ........................................................................................ 1

STATEMENT OF FACTS ................................................................................................ 3

        A.  Plaintiff's Hiring and Placement at Public
            School 46 ........................................................................................ 3

        B.  The Inclusive Teacher Recruitment and Hiring
            Initiative ........................................................................................ 3

        C.  Plaintiff's Tenure as Principal of PS 46 .............................................. 4

        D.  Plaintiff's Discontinuance as Principal of PS 46 ................................ 6

ARGUMENT ................................................................................................................... 7

      POINT I ................................................................................................ 7

      THE COMPLAINT FAILS TO STATE A CLAIM
      UPON WHICH RELIEF MAY BE GRANTED ...................................... 7

        A.  Legal Standard .................................................................................. 7

        B.  The City Cannot Be Held Liable for the
            Actions of DOE and Must Be Dismissed From
            This Action. ...................................................................................... 8

        C.  Section 1981 Does Not Provide a Right of
            Action Against the City or DOE ......................................................... 8

        D.  Plaintiff Failed to Exhaust Title VII's Required
            Administrative Remedies .................................................................... 9

        E.  The Complaint Fails to State Claims for
            Disparate Treatment Discrimination, Hostile
            Work Environment, or Retaliation Under Title
            VII, the SHRL, or the CHRL. ............................................................ 10

              i.    Plaintiff's Discrimination Claims
                     Fail. ...................................................................... 10

i

ii.   Plaintiff's Hostile Work Environment Claims Fail. ................................. 14

iii.   Plaintiff's Retaliation Claims Fail. ................................. 15

F.   All of Plaintiff's § 1983 Claims Fail. ................................. 17

i.   Plaintiff's § 1983 Claims Against DOE and the Individual Defendants in Their Official Capacity Fail Because Plaintiff Does Not Adequately Allege That Constitutional Violations Were Pursuant to Official Policy or Custom. ................................. 17

ii.   Plaintiff's First Amendment Claims Fail Because Plaintiff Did Not Engage in Protected Speech. ................................. 19

iii.   Plaintiff's Fourteenth Amendment Equal Protection Claims Fail Because Plaintiff Does Not Adequately Allege Discriminatory or Retaliatory Animus. ................................. 20

iv.   Plaintiff's Fourteenth Amendment Due Process Claims Fail Because Plaintiff's Employment Was Probationary and an Adequate Post-Deprivation Remedy Exists. ................................. 21

G.   Plaintiff Does Not Qualify as a Whistleblower Under § 740 Because DOE is a Public Employer. ................................. 22

CONCLUSION ................................. 23

# TABLE OF AUTHORITIES

**Cases**                                                                                    **Page(s)**

*Agosto v. N.Y. City Dep't of Educ.*,
   982 F.3d 86 (2d Cir. 2020)................................................................................19

*Akyar v. TD Bank US Holding Co.*,
   No. 18-cv-379 (VSB), 2018 U.S. Dist. LEXIS 155789 (S.D.N.Y. Sept. 12,
   2018) ..........................................................................................................14, 17

*Annis v. County of Westchester*,
   136 F.3d 239 (2d Cir. 1998)..........................................................................21

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009)....................................................................................7, 8

*Assue v. UPS, Inc.*,
   No. 16-CV-7629 (CS), 2018 U.S. Dist. LEXIS 136532 (S.D.N.Y. Aug. 13,
   2018) ............................................................................................................12

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544 (2007)........................................................................................7

*Benny v. City of Long Beach*,
   No. 20-cv-1908, 2021 U.S. Dist. LEXIS 182305 (E.D.N.Y. Sept. 23, 2021) ..........................4

*Benzinger v. Lukoil Pans Ams., LLC*,
   447 F. Supp. 3d 99 (S.D.N.Y 2020)..............................................................16

*Brandon v. City of N.Y.*,
   705 F. Supp. 2d 261 (S.D.N.Y. 2010)............................................................18

*Broomer v. Huntington Union Free Sch. Dist. Carmen Casper*,
   Nos. 12-CV-574 (DRH) (AKT), 2013 U.S. Dist. LEXIS 113971 (E.D.N.Y.
   Aug. 13, 2013) ..............................................................................................22

*Charles v. City of New York*,
   No. 21 Civ. 5567 (JPC), 2023 U.S. Dist. LEXIS 57078 (S.D.N.Y. Mar. 31,
   2023) ............................................................................................................15

*Chioke v. Dep't of Educ.*,
   No. 15-cv-01845 (ERK) (CLP), 2018 U.S. Dist. LEXIS 105842 (E.D.N.Y.
   June 25, 2018) ................................................................................................9

*Coleman v. Brokersxpress, LLC*,
   375 Fed. App'x 136 (2d Cir. 2010)..................................................................8

*Crowley v. Billboard Magazine*,
  576 F. Supp. 3d 132 (S.D.N.Y. 2021).....................................................................13

*Dames v. JP Morgan Chase & Co.*,
  No. 22-cv-6962 (NGG) (SJB), 2023 U.S. Dist. LEXIS 138006 (E.D.N.Y.
  Aug. 8, 2023) ...................................................................................................14, 17

*Daniel v. City of New York*,
  No. 20 Civ. 11028 (PAE), 2021 U.S. Dist. LEXIS 241364 (S.D.N.Y. Dec. 16,
  2021) ....................................................................................................................12

*Desardouin v. City of Rochester*,
  708 F.3d 102 (2d Cir. 2013)..................................................................................14

*Desir v. City of New York*,
  453 F. App'x 30 (2d Cir. 2011)..............................................................................21

*Dibiase v. Barber*,
  No. CV 06-5355 (AKT), 2008 U.S. Dist. LEXIS 75664 (EDNY 2008)................23

*Dillon v. Ned Mgmt.*,
  85 F. Supp. 3d 639 (E.D.N.Y. 2015) ....................................................................14

*Dimitracopoulos v. City of New York*,
  26 F. Supp. 3d 200 (E.D.N.Y. 2014) ......................................................................8

*Elec. Comm. Corp. v. Toshiba Am. Consumer Prods., Inc.*,
  129 F.3d 240 (2d Cir. 1997)....................................................................................7

*Falchenberg v. New York Dep't of Educ.*,
  375 F.Supp.2d 344 (S.D.N.Y. 2005)........................................................................8

*Ferguson v. Park Slope Food Co-Op*,
  No. 21-CV-347 (WFK) (TAM), 2023 U.S. Dist. LEXIS 40766 (E.D.N.Y.
  Mar. 10, 2023).........................................................................................................9

*Fierro v. City of New York*,
  No. 1:20-cv-09966-GHW, 2022 U.S. Dist. LEXIS 24549 (S.D.N.Y. Feb. 10,
  2022) ....................................................................................................................20

*Flaherty v. Dixon*,
  No. 22 Civ. 2642 (LGS), 2023 U.S. Dist. LEXIS 26876 (S.D.N.Y. Feb. 16,
  2023) ....................................................................................................................10

*Gentleman v. State Univ. of N.Y. Stony Brook*,
  No. 21-1102-cv, 2022 U.S. App. LEXIS 12430 (2d Cir. May 9, 2022)..................21

*Gorman-Bakos v. Cornell Co-op Extension*,
   252 F.3d 545 (2d Cir. 2001)..................................................................16

*Graham v. Long Island R.R.*,
   230 F.3d 34 (2d Cir. 2000).....................................................................11

*Guerra v. Jones*,
   421 Fed. App'x 15 (2d Cir. 2011) .........................................................21

*Guichardo v. Dollar Tree*,
   16-CV-1221 (MKB), 2016 U.S. Dist. LEXIS 182869 (E.D.N.Y. July 1, 2016).....................9

*Harris v. N.Y.C. Human Res. Admin.*,
   No. 20 Civ. 2011 (JPC), 2022 U.S. Dist. LEXIS 139134 (S.D.N.Y. Aug. 4,
   2022) ......................................................................................15

*Hicks v. Bains*,
   593 F.3d 159 (2d Cir. 2010)....................................................................21

*Jones v. Yonkers Pub. Sch.*,
   326 F. Supp. 2d 536 (S.D.N.Y. 2004).......................................................13

*Kane v. Advanced Care Staffing, LLC*,
   No. 21-CV-4306 (KAM) (LB), 2023 U.S. Dist. LEXIS 157652 (E.D.N.Y.
   Sept 6, 2023) ..........................................................................12

*Kaytor v. Elec. Boat Corp.*,
   609 F.3d 537 (2d Cir. 2010)....................................................................15

*Kentucky v. Graham*,
   473 U.S. 159 (1985)...............................................................................17

*Kubicek v. Westchester County*,
   No. 08-CV-372 (KMK), 2009 U.S. Dist. LEXIS 117061 (S.D.N.Y. Oct. 8,
   2009) ......................................................................................18

*Kuperman v. City of New York*,
   No. 20-CV-6834-LTS-DCF, 2021 U.S. Dist. LEXIS 185702 (S.D.N.Y. Sept.
   28, 2021) ..............................................................................9

*Leibowitz v. Cornell Univ.*,
   584. F.3d 487, 498 (2d Cir. 2009).........................................................10

*Littlejohn v. City of New York*,
   795 F.3d 297 (2d Cir. 2015)..........................................................3, 16, 19

*Longe v. City of New York,*
  802 Fed. Appx. 635 (2d Cir. 2020)..................................................8, 9

*Matson v. Bd. of Educ. of City Sch. Dist. of New York,*
  631 F.3d 57 (2d Cir. 2011).........................................................7

*Matthews v. City of New York,*
  779 F.3d 167 (2d Cir. 2015).......................................................20

*McDonnell v. Schindler Elevator Corp.,*
  No. 12-cv-4614, 2014 U.S. Dist. LEXIS 96824 (E.D.N.Y. July 16, 2014)...........17

*Monell v. Department of Social Services,*
  436 U.S. 658 (1978)......................................................... *passim*

*Offor v. Mercy Med. Ctr.,*
  167 F. Supp. 3d 414 (E.D.N.Y. 2016), *aff'd in part, vacated in part on related
  grounds, remanded*, 676 F. App'x 51 (2d Cir. 2017)..............................12

*Offor v. Mercy Med. Ctr.,*
  676 Fed. Appx. 51 (2d Cir. 2017)..................................................11

*Papasan v. Allain,*
  478 U.S. 265 (1986)...............................................................7

*Patterson v. Cty. of Oneida, New York,*
  375 F.3d 206 (2d Cir. 2004).......................................................18

*Perez v. City of New York,*
  41 A.D.3d 378 (1st Dep't 2007) ...................................................8

*Perez v. Harbor Freight Tools,*
  No. 15-cv-05983 (ADS) (SIL), 2016 U.S. Dist. LEXIS 122332 (E.D.N.Y.
  Sept. 9, 2016)....................................................................9

*Pustilnik v. Battery Park City Auth.,*
  No. 18-CV-9446 (RA), 2019 U.S. Dist. LEXIS 208527 (S.D.N.Y. Dec. 3,
  2019) ...........................................................................11

*Robinson v. Am. Int'l Grp., Inc.,*
  No. 08-CV-1724 (LAK), 2009 U.S. Dist. LEXIS 90801 (S.D.N.Y. Sept. 30,
  2009) ...........................................................................11

*Ross v. Breslin,*
  693 F.3d 300 (2d Cir. 2012).......................................................20

**Pages**

*Ryan v. New York City Dep't of Educ.*,
No. 11-Civ.-1628 (JBW), 2011 U.S. Dist. LEXIS 118352 (E.D.N.Y. Oct. 12, 2011) ....................................................................................................................23

*Sirisena v. City of Univ. of N.Y.*,
No. 17-cv-7135 (DLI) (RML), 2019 U.S. Dist. LEXIS 58384 (Mar. 31, 2019) ......................9

*Susser v. N.Y.C. Dep't of Educ.*,
No. 22-CV-51 (AMD) (VMS), 2023 U.S. Dist. LEXIS 95802 (E.D.N.Y. May 31, 2023) ...................................................................................................................22

*Verdi v. City of New York*,
306 F. Supp. 3d 532 (S.D.N.Y. 2018)...............................................................................20

*Weintraub v. Bd. of Educ. of City Sch. Dist. of City of New York*,
593 F.3d 196 (2d Cir. 2010)...............................................................................................20

*Whitting v. Locust Valley Cent. Sch. Dist.*,
No. 10-cv-742, 2012 U.S. Dist. LEXIS 152233 (E.D.N.Y. Oct. 22, 2012)...........................13

*Williams v. N.Y. City Dep't of Educ.*,
No. 19 Civ. 1353 (CM), 2019 U.S. Dist. LEXIS 147789 (S.D.N.Y. Aug. 28, 2019) ...................................................................................................................22

*Woods v. Newburgh Enlarged City Sch. Dist.*,
288 F. App'x 757 (2d Cir. 2008) .......................................................................................11

*Woods v. Newburgh Enlarged City Sch. Dist.*,
288 Fed. App'x 757 (2d Cir. 2008) ...................................................................................11

*Wray v. Westchester Med. Ctr. Advanced Physician Servs.*,
*P.C.*, No. 21-CV-394, 2022 U.S. Dist. LEXIS 142699 (S.D.N.Y. Aug. 9, 2022) ...................................................................................................................15

*Young v. Westchester County Dep't of Soc. Servs. & Judy Hagen*,
57 Fed. Appx. 492 (2d Cir. 2003) .....................................................................................17

**Statutes**

42 U.S.C. § 1981 ............................................................................................ *passim*

42 U.S.C. § 1983 ............................................................................................ *passim*

42 U.S.C. § 2000e-5(e)1 ....................................................................................9

Family Medical Leave Act............................................................................................6

**Pages**

New York City Human Rights Law ..................................................................... *passim*

New York Labor Law § 740 ....................................................................... 1, 2, 23

New York State Human Rights Law ............................................................ *passim*

**Other Authorities**

First Amendment ...................................................................... 1, 2, 18, 19, 20

Fourteenth Amendment .................................................................. *passim*

DOE, *Inclusive Teacher Recruitment & Hiring Toolkit* (last visited Dec. 11, 2023), https://teachnyc.net/assets/Inclusive_Teacher_Recruitment__Hiring_Initiative/ITRHI_-_Toolkit_(2).pdf?utm_source=website&utm_medium=HIRE&utm_campaign=ITRHI+Launch ................................................................ 3, 4, 18, 19

Fed. R. Civ. P. 12(b)(6) ................................................................... 1, 8

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------------------x

HEATHER JANSEN,

                                 Plaintiff,

-against-

THE CITY OF NEW YORK, NEW YORK CITY
DEPARTMENT OF EDUCATION, DAVID C. BANKS, in
his official capacity as Chancellor of the New York City
Department of Education and MARION WILSON, in her
official capacity as Superintendent of District 31 of the New
York City Department of Education,

                                 Defendants.

-------------------------------------------------------------------x

1:23-cv-06756-HG

**MEMORANDUM OF LAW
IN SUPPORT OF
DEFENDANTS' MOTION TO
DISMISS**

## <u>PRELIMINARY STATEMENT</u>

        Plaintiff Heather Jansen advances claims of discrimination and retaliation pursuant

to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 1981, the New York State Human Rights

Law ("SHRL"), the New York City Human Rights Law ("CHRL"), and the New York Labor Law

§ 740 ("NYLL"). Plaintiff further alleges violations of the First Amendment and the Due Process

Clause and Equal Protection Clause of the Fourteenth Amendment pursuant to 42 U.S.C. § 1983.

The Amended Complaint ("Complaint") must be dismissed in its entirety pursuant to Rule

12(b)(6).

        First, the City of New York must be dismissed as a defendant in this action because,

as a separate and distinct legal entity, the City cannot be held liable for the actions of the New

York City Department of Education ("DOE").

        Second, Plaintiff's § 1981 claims must be dismissed because such claims cannot be

maintained against state governmental units.

Third, all of Plaintiff's Title VII claims must be dismissed because Plaintiff does not allege that she filed a charge with the Equal Employment Opportunity Commission ("EEOC") nor that the EEOC issued a right-to-sue-letter, and thus she has not exhausted administrative remedies.

Fourth, Plaintiff's Title VII, SHRL, and CHRL claims must be dismissed because Plaintiff does not allege facts giving rise to an inference of discrimination nor retaliation. In addition, Plaintiff's hostile work environment claims fail because she does not adequately allege that she experienced harassment on the basis of her race.

Fifth, Plaintiff's § 1983 claims must be dismissed. All of Plaintiff's § 1983 claims against the DOE and Marion Wilson and David C. Banks in their official capacities fail because Plaintiff does not adequately allege that constitutional violations were taken pursuant to an official policy or custom. In addition, Plaintiff's First Amendment retaliation claim must be dismissed because Plaintiff did not engage in protected speech; her Equal Protection Clause claim must be dismissed because the Complaint does not allege facts giving rise to an inference that Defendants discriminated against her because she is white or retaliated against her for protected activity; and her Due Process Clause claim must be dismissed because Plaintiff does not adequately allege that she was deprived of a property right or that such a deprivation was without due process.

Sixth, Plaintiff's NYLL whistleblower retaliation claim must be dismissed because public employees are not protected under § 740.

For these reasons and as more fully set forth below, the Complaint must be dismissed in its entirety.

## STATEMENT OF FACTS[1]

### A. Plaintiff's Hiring and Placement at Public School 46

Plaintiff, who self-identifies her race as white, began her employment with DOE as a teacher in September 2002. *See* Compl. ¶ 43. DOE promoted Plaintiff to the position of Education Administrator in September 2018. *See id.* In March 2021, DOE appointed Defendant Marion Wilson to the position of Superintendent in District 31, which encompasses Staten Island. *See id.* ¶ 44. On August 15, 2021, Plaintiff alleges that Superintendent Wilson promoted her to the position of acting principal of Public School ("PS") 46, a position in which Plaintiff earned a salary of $161,000. *See id.* ¶ 45.

### B. The Inclusive Teacher Recruitment and Hiring Initiative

In January 2022, David C. Banks became DOE Chancellor. *See id.* ¶ 49. Plaintiff alleges that Chancellor Banks implemented a new Inclusive Teacher Recruitment and Hiring Initiative ("ITRHI"), which Plaintiff claims was intended to "effect the Defendant's 'Vision' to cease hiring Caucasian principals and hire only people of color." *See id.*

Plaintiff mischaracterizes the ITRHI. The ITRHI exists to mitigate biases in hiring and to promote "an inclusive search that will find the best candidate" regardless of race, ethnicity, gender identity, disability, sexual orientation, or other protected characteristics. *See* DOE, *Inclusive Teacher Recruitment & Hiring Toolkit* (last visited Dec. 11, 2023), https://teachnyc.net/assets/Inclusive_Teacher_Recruitment__Hiring_Initiative/ITRHI_-_Toolkit_(2).pdf?utm_source=website&utm_medium=HIRE&utm_campaign=ITRHI+Launch,

---

[1] For the purposes of this motion only, the well-pleaded allegations of fact in the Complaint are deemed to be true. *See Littlejohn v. City of New York*, 795 F.3d 297 (2d Cir. 2015).

annexed to the Declaration of Bryan Carr Olert ("Olert Decl.") as Exhibit "A."[2] Contrary to Plaintiff's claims, the ITRHI does not require hiring only non-white principals. *See generally id.*

### C. Plaintiff's Tenure as Principal of PS 46

On or about March 16, 2022, Plaintiff became the permanent principal of PS 46. *See* Compl. ¶ 52. Plaintiff's probationary period was to last until 2026. *See id.* ¶ 58.

Plaintiff claims that in August 2022, she reported an incident to the Special Commissioner of Investigation ("SCI") as directed by DOE legal counsel. *See id.* ¶ 59. On or about August 31, 2022, Plaintiff was disappointed to be placed in an "Inquiry Group" during a principal's retreat. *See id.* ¶ 60. Plaintiff does not explain what an "Inquiry Group" is but apparently believes that her placement in one was in retaliation for reporting the incident to SCI earlier in August. *See id.* Plaintiff alleges that the other members of the Inquiry Group were principals Lorrie Brown, Lisa Esposito, and Erica Mattera, who Plaintiff claims Superintendent Wilson had "tried to remove in the past" for unspecified reasons. *See id.* Plaintiff does not allege the race of these principals nor whether they engaged in protected activity at any point. *See id.*

In late 2022 or early 2023, Plaintiff began receiving negative feedback about her performance as Principal. On an unidentified date, Plaintiff received negative observation feedback based on an observation that took place in the 2021-2022 school year. *See id.* ¶ 66. Plaintiff further claims that on January 12, 2023, Superintendent Wilson instructed Plaintiff not to evaluate teachers and stated that she would evaluate teachers herself because she was willing to "take the hammering from Central." *See id.* ¶ 63. Plaintiff alleges Wilson subsequently "gave

---

[2] The Court may take judicial notice of this document because it is incorporated by reference and integral to the Complaint. "To be incorporated by reference, the complaint must make a clear, definite and substantial reference to the documents … [and] [t]o be integral to a complaint, the plaintiff must have (1) actual notice of the extraneous information and (2) relied upon the documents in framing the complaint." *Benny v. City of Long Beach*, No. 20-cv-1908, 2021 U.S. Dist. LEXIS 182305, at *10 (E.D.N.Y. Sept. 23, 2021) (alterations in original) (citations omitted). The Plaintiff premises her Equal Protection *Monell* claim entirely upon the ITRHI.

Plaintiff an unfavorable performance evaluation specifically for Plaintiff's failure to evaluate classroom Teachers." *Id.* Also on January 12, 2023, Plaintiff claims that Wilson "expressed to Plaintiff a sentiment of mutual distrust" and stated "[t]his dumb little black girl from the Bronx, I have my log of assistance." *See id.* Plaintiff does not explain what "log of assistance" refers to. *See id.*

Plaintiff alleges that on February 15, 2023, Superintendent Wilson gave Plaintiff an unfavorable performance review related to Plaintiff's failure to conduct adequate teacher observations. *See id.* ¶ 73. According to Plaintiff, there were eight other principals "who were even further behind in completing their observations," none of whom received negative evaluations. *See id.* Plaintiff claims that six of these principals are "BIPOC"[3] and that two are white. *See id.* Plaintiff alleges that on February 17, 2023, her union filed a complaint of discrimination and retaliation against Superintendent Wilson with DOE. *See id.* ¶ 74.

Plaintiff claims that on March 4, 2023, the *New York Post* reported the existence of screenshots of "anti-white texts" purportedly authored by Superintendent Wilson. *See id.* ¶ 75. The Complaint makes only a passing reference to this article and does not describe the content of the text messages. *See id.*

On March 17, 2023, Plaintiff alleges that she received a letter informing Plaintiff that DOE was considering discontinuing Plaintiff's probation. *See id.* ¶ 77. Plaintiff argues that this letter was unjustified because she outperformed various BIPOC principals at other Staten Island schools. *See id.* ¶ 80.

Plaintiff claims that on April 24, 2023, Superintendent Wilson instructed Plaintiff to "cover up a case of physical abuse involving a student." *Id.* ¶ 83. Plaintiff alleges that she refused

---

[3] "BIPOC" is an acronym meaning "Black, indigenous, or people of color."

5

Superintendent Wilson's instruction and "instead adhered to the appropriate administrative procedures." *Id.* ¶ 84.

On April 30, 2023, Plaintiff alleges that she received notification of reassignment to the "District Office" and was instructed not to return to PS 46. *See id.* ¶ 86. Plaintiff claims that Superintendent Wilson referred to Plaintiff's reassignment in a text message to an unidentified colleague on an unidentified date, writing that Plaintiff "probably didn't know what hit her when they pulled her white ass out." *See id.* ¶ 94. As a result of the reassignment, Plaintiff claims to have "suffered significant mental distress causing her to apply for leave under the FMLA." *See id.* ¶ 87. Plaintiff took FMLA leave from May 1, 2023, to June 30, 2023. *See id.* Plaintiff claims that Defendants sent her vague "threatening emails" and unfounded disciplinary letters. *See id.* ¶ 94. Plaintiff alleges that on May 12, 2023, she filed a complaint with SCI accusing Superintendent Wilson of discrimination and retaliation. *See id.* ¶ 96.

### D. Plaintiff's Discontinuance as Principal of PS 46

On June 2, 2023, Plaintiff alleges that Superintendent Wilson informed Plaintiff over email of the discontinuance of Plaintiff's probation because of poor performance. *See* ¶ 97. Plaintiff alleges that the notification of her discontinuance was after she "had recently filed a second discrimination complaint." *Id.* Plaintiff claims that "[a]round the same time," Superintendent Wilson informed Plaintiff that her "reversion rights were not being granted … effectively den[ying] her tenure as an Education Administrator." *Id.* ¶ 99. Plaintiff claims that Superintendent Wilson demoted her from Education Administrator to Teacher "[d]ue to Defendants' racial discrimination and out of retaliation" for her complaints of discrimination, *see id.* ¶¶ 74, 96, and because she "spoke out against matters of public concern," *see id.* ¶ 175, presumably referring to Plaintiff's alleged refusal to "cover up" abuse of a student. *See id.* ¶ 83.

Plaintiff alleges that she was assigned to teach in Brooklyn, but that on September 4, 2023, Superintendent Wilson "personally requested Plaintiff be transferred back to work in a Staten Island School to directly supervise Plaintiff to facilitate her future termination." *See id.* ¶ 102. Plaintiff remains employed by DOE as a Teacher at PS 54. *See id.* ¶¶ 102, 110.

## ARGUMENT

### POINT I

### THE COMPLAINT FAILS TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED

#### A. Legal Standard

To survive a 12(b)(6) motion to dismiss, a complaint "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted). Likewise, a plaintiff's factual allegations "must be enough to raise a right to relief above the speculative level." *Id.* (citation omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Courts do not hesitate to dismiss complaints containing conclusory allegations of wrongdoing. *See Matson v. Bd. of Educ. of City Sch. Dist. of New York*, 631 F.3d 57, 62 (2d Cir. 2011) (quotations and citation omitted) ("While a complaint need not contain detailed factual allegations, it requires more than an unadorned, the defendant-unlawfully-harmed me accusation.").

This standard must be read together with the rule that courts may not "assume that the [plaintiffs] can prove facts that [they have] not alleged," *Elec. Comm. Corp. v. Toshiba Am. Consumer Prods., Inc.*, 129 F.3d 240, 243 (2d Cir. 1997) (quoting *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983)), nor "accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986)

(citation omitted); *see also Coleman v. Brokersxpress, LLC*, 375 Fed. App'x 136, 137 (2d Cir. 2010) ("Given the absence of specific factual allegations, the complaint does not support the inference that defendants are liable for the misconduct alleged."). Therefore, a complaint should be dismissed pursuant to Rule 12(b)(6) where it fails to plead enough facts to demonstrate a plausible entitlement to relief. *See Iqbal*, 556 U.S. at 680.

**B.      The City Cannot Be Held Liable for the Actions of DOE and Must Be Dismissed From This Action.**

All claims against the City must be dismissed because Plaintiff does not allege involvement of the City in any challenged actions and the City cannot be held liable for the actions of DOE or DOE employees. "The City and the DOE are separate legal entities; and the City cannot be held liable for the alleged torts of DOE employees." *Dimitracopoulos v. City of New York*, 26 F. Supp. 3d 200, 210 (E.D.N.Y. 2014) (citations omitted); *see Perez v. City of New York*, 41 A.D.3d 378, 837 (1st Dep't 2007) ("The City cannot be held liable for [torts allegedly committed by the DOE and its employees]."); *Falchenberg v. New York Dep't of Educ.*, 375 F.Supp.2d 344, 347 (S.D.N.Y. 2005) ("[T]he City and DOE are separate and distinct entities … In the absence of any allegations demonstrating participation by the City, the complaint fails to state a cause of action against it.").

The Complaint contains no allegations against the City nor City employees. *See generally* Compl. Accordingly, because the City cannot be held liable for DOE's actions, the City must be dismissed as a Defendant in this action.

**C.      Section 1981 Does Not Provide a Right of Action Against the City or DOE.**

Section 1981 does not provide a right of action against state governmental units. *See Longe v. City of New York*, 802 Fed. Appx. 635, 639 (2d Cir. 2020) (summary order) (holding that the district court properly dismissed the plaintiff's § 1981 claim because that statute "does not

provide a right of action against the City, as it is a state governmental unit"). The City and DOE are state governmental units. *Id.* (citing *Duplan v. City of New York*, 888 F.3d 612, 620-21); *Chioke v. Dep't of Educ.*, No. 15-cv-01845 (ERK) (CLP), 2018 U.S. Dist. LEXIS 105842, at *45 (E.D.N.Y. June 25, 2018) (dismissing a § 1981 claim against DOE because it is a state actor). Thus, § 1981 does not provide a right of action against the City or DOE. Accordingly, Plaintiffs fail to state a claim against the City under § 1981, and Plaintiffs' § 1981 claims must be dismissed. To the extent that the Court construes Plaintiff's § 1981 claim as a § 1983 claim, *see Kuperman v. City of New York*, No. 20-CV-6834-LTS-DCF, 2021 U.S. Dist. LEXIS 185702 , at *14 (S.D.N.Y. Sept. 28, 2021), such a claim must also be dismissed as described *infra* Point F.

**D.**     **Plaintiff Failed to Exhaust Title VII's Required Administrative Remedies.**

Plaintiff's Title VII discrimination and retaliation claims fail because Plaintiff does not allege that she exhausted administrative remedies. *See generally* Compl. "Title VII requires an aggrieved party to exhaust administrative remedies before filing suit in federal court." *Ferguson v. Park Slope Food Co-Op*, No. 21-CV-347 (WFK) (TAM), 2023 U.S. Dist. LEXIS 40766, at *12-13 (E.D.N.Y. Mar. 10, 2023) (citation omitted). To exhaust administrative remedies in New York, a Plaintiff must file a charge of discrimination and/or retaliation with the EEOC or the relevant state or local fair employment practices agency within 300 days of the charged conduct. *See* 42 U.S.C. § 2000e-5(e)1; *Perez v. Harbor Freight Tools*, No. 15-cv-05983 (ADS) (SIL), 2016 U.S. Dist. LEXIS 122332 (E.D.N.Y. Sept. 9, 2016) (dismissing a Title VII claim where the plaintiff filed administrative charges more than 300 days after the challenged actions).

A plaintiff then cannot file suit until the EEOC or relevant local or state agency issues a notice of right to sue. *See Sirisena v. City of Univ. of N.Y.*, No. 17-cv-7135 (DLI) (RML), 2019 U.S. Dist. LEXIS 58384, at *10 (Mar. 31, 2019) (citations omitted). A plaintiff has ninety days from receipt of a notice of right to sue to file a lawsuit related to that charge. *See Guichardo*

*v. Dollar Tree*, 16-CV-1221 (MKB), 2016 U.S. Dist. LEXIS 182869, at *8 (E.D.N.Y. July 1, 2016) (collecting cases).

Plaintiff does not allege that she filed a charge of discrimination or retaliation with the EEOC or a state or local agency, nor that she received a notice of right to sue, as is required to advance claims under Title VII. *See generally* Compl. Accordingly, Plaintiff fails to allege that she exhausted administrative remedies, and her Title VII claims must be dismissed.

**E.     The Complaint Fails to State Claims for Disparate Treatment Discrimination, Hostile Work Environment, or Retaliation Under Title VII, the SHRL, or the CHRL.**

> **i.     Plaintiff's Discrimination Claims Fail.**

Plaintiff's Title VII, SHRL, and CHRL discrimination claims fail because Plaintiff does she allege facts giving rise to an inference of discrimination on the basis of race. A plaintiff alleging discrimination under Title VII must adequately plead that: (1) she is a member of a protected class; (2) she was qualified for the position; (3) she was subject to an adverse employment action; and (4) the adverse action occurred under circumstances giving rise to an inference of discrimination. *See Leibowitz v. Cornell Univ.*, 584. F.3d 487, 498 (2d Cir. 2009).

A plaintiff alleging discrimination under the SHRL and CHRL must adequately allege that she was "treated less well" than other employees on the basis of a protected characteristic. *See Flaherty v. Dixon*, No. 22 Civ. 2642 (LGS), 2023 U.S. Dist. LEXIS 26876, at *31 (S.D.N.Y. Feb. 16, 2023) (citation omitted). A plaintiff must still show that "the conduct is caused by a discriminatory motive." *Id.* (citation omitted). The alleged differential treatment also must "rise above the level of nonactionable petty slights or inconveniences." *Id.* (citation omitted).

An inference of discrimination can arise from circumstances including, but not limited to, "the employer's criticism of the plaintiff's performance in … degrading terms [based on that plaintiff's protected characteristics]; [] its invidious comments about others in the

employee's protected group; [] the more favorable treatment of employees not in the protected group; or the sequence of events leading to [the challenged actions]." *Pustilnik v. Battery Park City Auth.*, No. 18-CV-9446 (RA), 2019 U.S. Dist. LEXIS 208527, at *4 (S.D.N.Y. Dec. 3, 2019) (quoting *Littlejohn v. City of New York*, 795 F.3d 297, 312 (2d Cir. 2015)). "Bare allegations" of racial animus are insufficient to survive dismissal. *See Offor v. Mercy Med. Ctr.*, 676 Fed. Appx. 51 (2d Cir. 2017).

Plaintiff attempts to show discriminatory animus by pointing to non-white "colleagues" who received better treatment despite underperforming. *See* Compl. ¶¶ 73, 76. A plaintiff may create a plausible inference of discrimination by comparing herself to employees who are not members of her protected group and who received better treatment only where the plaintiff and the other employees are "similarly situated in all material aspects." *See Graham v. Long Island R.R.*, 230 F.3d 34, 39 (2d Cir. 2000) (citations omitted). But Plaintiff does not provide enough detail about the alleged "colleagues" of "BIPOC backgrounds," *see* Compl. ¶ 73, to allow for a plausible inference that they are similarly situated in all material aspects. Plaintiff does not allege that her proposed comparators are similarly situated in all material aspects because she does not identify their job titles or whether their employment was, like Plaintiff's, probationary. *See generally* Compl.; *see Robinson v. Am. Int'l Grp., Inc.*, No. 08-CV-1724 (LAK), 2009 U.S. Dist. LEXIS 90801, at *4 (S.D.N.Y. Sept. 30, 2009) (holding that one of the reasons that proposed comparators were not similarly situated to the plaintiff was that they held job titles that were different from the plaintiff's job title); *Woods v. Newburgh Enlarged City Sch. Dist.*, 288 F. App'x 757, 760 (2d Cir. 2008) (holding that probationary and permanent employees are not similarly situated); *Woods v. Newburgh Enlarged City Sch. Dist.*, 288 Fed. App'x 757, 760 (2d Cir. 2008) (holding that the proposed comparison did not support inference of racial bias where the plaintiff

was a probationary employee and the proposed comparator was tenured); *Kane v. Advanced Care Staffing, LLC*, No. 21-CV-4306 (KAM) (LB), 2023 U.S. Dist. LEXIS 157652, at *28 (E.D.N.Y. Sept. 6, 2023) (citations omitted) ("Probationary and permanent employees often are not similarly situated for purposes of Title VII claims.").

Plaintiff further attempts to create an inference of discrimination by pointing to a white Principal and two white Assistant Principals whom Plaintiff claims were also treated poorly by Defendants. However, Plaintiff also notes that at least one white Principal received better treatment than Plaintiff and "had a close personal relationship with Wilson," *see id.*, which undermines any inference of discrimination. *See Assue v. UPS, Inc.*, No. 16-CV-7629 (CS), 2018 U.S. Dist. LEXIS 136532, at *37 (S.D.N.Y. Aug. 13, 2018) (holding that there existed no inference of discrimination where "individuals within [the plaintiff's] protected class … were treated better" than the plaintiff"). Further, Plaintiff does not allege that Defendants demoted other white employees or otherwise subjected them to adverse actions. Instead, Plaintiff vaguely claims that white employees transferred "out of fear of being targeted for termination." Compl. ¶ 73.

Plaintiff then makes a passing reference to an article in the New York Post that reports on the existence of "anti-white texts" but does not describe the contents of these texts. *See id.* ¶ 75. Plaintiff's vague statement concerning "anti-white texts" is the sort of allegation that is "too vague and conclusory to evince" discriminatory animus. *Daniel v. City of New York*, No. 20 Civ. 11028 (PAE), 2021 U.S. Dist. LEXIS 241364, at *18 (S.D.N.Y. Dec. 16, 2021) (citation omitted); *see Offor v. Mercy Med. Ctr.*, 167 F. Supp. 3d 414, 432 (E.D.N.Y. 2016) ("Such a bare allegation is far too vague and bereft of specifics to plausibly allege a claim of disparate treatment."), *aff'd in part, vacated in part on related grounds, remanded*, 676 F. App'x 51 (2d Cir. 2017).

Further, "an inference against discrimination arises where the same actor or actors were responsible for decisions to promote and then to terminate a plaintiff within a short time span." *Crowley v. Billboard Magazine*, 576 F. Supp. 3d 132, 143 (S.D.N.Y. 2021) (citing *Cordell v. Verizon Commc'ns, Inc.*, 331 F. App'x 56, 58 (2d Cir. 2009)). Plaintiff alleges that Superintendent Wilson promoted her to the position of Acting Interim Principal of PS 46 on August 15, 2021, and then to full Principal of PS 46 on March 16, 2022, but then denied Plaintiff tenure and demoted her in June 2023. Thus, an inference *against* discrimination arises given Superintendent Wilson's involvement in the decisions to promote and terminate the plaintiff. *See Whitting v. Locust Valley Cent. Sch. Dist.*, No. 10-cv-742, 2012 U.S. Dist. LEXIS 152233, at *12 (E.D.N.Y. Oct. 22, 2012) (holding that the plaintiff failed to establish prima facie case where the same actor was among those who participated in the decisions to hire and then deny tenure to the plaintiff); *see also Jones v. Yonkers Pub. Sch.*, 326 F. Supp. 2d 536, 546 (S.D.N.Y. 2004) (holding that the "same actor" inference "may be applied even when the supervisor at issue ... is not the only person with input into the hiring and firing decision").

Plaintiff also puts forth a plausible, non-discriminatory alternative reason for the discontinuance of her probation. Specifically, Superintendent Wilson "attribut[ed Plaintiff's discontinuance] to poor performance." *See id.* ¶ 97. Notably, Plaintiff alleges that Superintendent Wilson gave her poor performance evaluations which resulted in her discontinuance because Plaintiff caused Superintendent Wilson to "self-report in late March as well as in response to the November 18, 2022 incident when Plaintiff's cell phone was stolen by Teacher, Grace DiMaio, who was arrested for the theft in accordance with DOE Legal's Guidance. Wilson punished Plaintiff for following Defendants' policies and procedures." *Id.* ¶ 73. By putting forth another plausible basis for her alleged treatment by Defendants, Plaintiff undermines her own claims that

she was discriminated against because of her race. *See Dames v. JP Morgan Chase & Co.*, No. 22-cv-6962 (NGG) (SJB), 2023 U.S. Dist. LEXIS 138006, at *4 (E.D.N.Y. Aug. 8, 2023) (holding that plaintiff's acknowledgement of "an alternative possible explanation" for her treatment "undermine[d] a finding of discriminatory intent"); *Akyar v. TD Bank US Holding Co.*, No. 18-cv-379 (VSB), 2018 U.S. Dist. LEXIS 155789, at *3 (S.D.N.Y. Sept. 12, 2018) ("[A] complaint that identifies other possible motives, combined with a lack of specific factual support of racial animus, contradicts a claim of racial discrimination.").

Accordingly, the Complaint fails to state a claim for discrimination under Title VII, the SHRL, or the CHRL.

### ii. Plaintiff's Hostile Work Environment Claims Fail.

Plaintiff's hostile work environment claim fails because Plaintiff does not allege that Defendants subjected her to harassment on the basis of her race. To state a hostile work environment claim under Title VII, a plaintiff must allege that "harassment [on the basis membership in a protected group] was sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment." *Dillon v. Ned Mgmt.*, 85 F. Supp. 3d 639, 655 (E.D.N.Y. 2015) (quoting *Perry v. Ethan Allen, Inc.*, 115 F.3d 143, 149 (2d Cir. 1997)). Under the totality of the circumstances, a plaintiff must show "either that a single incident was extraordinarily severe, or that a series of incidents were sufficiently continuous and concerted to have altered the conditions of [his] working environment." *Desardouin v. City of Rochester*, 708 F.3d 102, 105 (2d Cir. 2013).

The SHRL and CHRL do not differentiate between claims for disparate treatment discrimination and hostile work environment. Thus, a hostile work environment exists under the SHRL and CHRL where an employer subjects an individual "to inferior terms, conditions or privileges of employment because of the individual's membership in one or more ... protected

categories." *Wray v. Westchester Med. Ctr. Advanced Physician Servs., P.C.*, No. 21-CV-394, 2022 U.S. Dist. LEXIS 142699, at *10 (S.D.N.Y. Aug. 9, 2022); *see Charles v. City of New York*, No. 21 Civ. 5567 (JPC), 2023 U.S. Dist. LEXIS 57078, at *20 (S.D.N.Y. Mar. 31, 2023) ("[T]he standards for a hostile work environment and discrimination claim under the NYCHRL are identical in every respect."). "To count as being treated 'less well,' a plaintiff must merely plausibly allege 'differential treatment that is more than trivial, insubstantial, or petty." *Harris v. N.Y.C. Human Res. Admin.*, No. 20 Civ. 2011 (JPC), 2022 U.S. Dist. LEXIS 139134, at *19 (S.D.N.Y. Aug. 4, 2022) (citation omitted).

Plaintiff fails to state a claim for hostile work environment under Title VII, the SHRL, or the CHRL because she does not allege that Defendants subjected her to any discriminatory race-based comments or other harassing behavior involving her race. *See generally* Compl. Nor does Plaintiff adequately allege that Defendants took any challenged actions because of her race. *See supra* Section I.E.i. Accordingly, Plaintiff fails to state a claim for hostile work environment under Title VII, the SHRL, and the CHRL.

### iii. Plaintiff's Retaliation Claims Fail.

Plaintiff's retaliation claims fail because Plaintiff fails to allege facts plausibly showing causation between protected activity and adverse action. To state a claim for retaliation under Title VII, a plaintiff must allege (1) that she participated in a protected activity, (2) that her participation was known to her employer, (3) that her employer thereafter subjected her to a materially adverse employment action, and (4) that there was a causal connection between the protected activity and the adverse employment action. *Kaytor v. Elec. Boat Corp.*, 609 F.3d 537, 552 (2d Cir. 2010). The same elements are required to state a claim for retaliation under the SHRL or CHRL, except that "the plaintiff need not [allege] any 'adverse' employment action; instead, she must prove that something happened that would be reasonably likely to deter a person from

engaging in protected activity." *Benzinger v. Lukoil Pans Ams., LLC*, 447 F. Supp. 3d 99, 129 (S.D.N.Y 2020) (citation omitted).

A causal connection of retaliation can be shown either "(1) indirectly, by showing that the protected activity was followed closely by discriminatory treatment, or through other circumstantial evidence such as disparate treatment of fellow employees who engaged in similar conduct; or (2) directly, through evidence of retaliatory animus directed against the plaintiff by the defendant." *Littlejohn*, 795 F.3d at 319. Plaintiff does not allege the existence of direct evidence of retaliation, *see generally* Compl., and thus she must plausibly allege retaliatory animus by indirect means. Typically, this means alleging that the protected activity was followed closely in time by adverse action. *See Gorman-Bakos v. Cornell Co-op Extension*, 252 F.3d 545, 554 (2d Cir. 2001)).

Plaintiff engaged in two conceivably protected activities, namely her union's February 17, 2023 complaint to DOE and Plaintiff's May 12, 2023 complaint to SCI. *See* Compl. ¶¶ 74, 96. However, the gradual adverse employment actions which Plaintiff claims precipitated her discontinuance began prior to protected activities when Plaintiff received negative observation reports on an unidentified date, *see id.* ¶ 66 and a negative evaluation on February 15, 2023, *see id.* ¶ 73. Plaintiff further states that Superintendent Wilson "expressed her intention to remove Plaintiff" on February 13, 2023, before either protected activity. *See id.* ¶ 68. Plaintiff does not plausibly allege causation between these protected activities and the discontinuance of her probation because "temporal proximity alone will not raise an inference of discrimination when gradual adverse job actions began well before the employee … incurred the adverse employment actions." *See McDonnell v. Schindler Elevator Corp.*, No. 12-cv-4614, 2014 U.S. Dist. LEXIS 96824, at *5 (E.D.N.Y. July 16, 2014) ("'[N]exus of time' alone is not enough to give rise to an

inference of discrimination when gradual adverse job actions began well before the plaintiff became disabled."); *Young v. Westchester County Dep't of Soc. Servs. & Judy Hagen*, 57 Fed. Appx. 492, 495 (2d Cir. 2003) ([W]here the adverse action was already ongoing at the time of the protected activity … logic precludes any inference of causation.").

Further, as with her claims of discrimination, Plaintiff's furnishing of an alternative, non-retaliatory explanation for her discontinuance belies her retaliation claims. *See supra* Section I.E.i; *Dames*, 2023 U.S. Dist. LEXIS 138006, at *4; *Akyar*, 2018 U.S. Dist. LEXIS 155789, at *3. Accordingly, Plaintiff fails to state a claim of retaliation, and the Complaint must be dismissed.

**F.     All of Plaintiff's § 1983 Claims Fail.**

**i.     Plaintiff's § 1983 Claims Against DOE and the Individual Defendants in Their Official Capacity Fail Because Plaintiff Does Not Adequately Allege That Constitutional Violations Were Pursuant to Official Policy or Custom.**

Plaintiff does not plead facts showing that DOE maintains a policy or custom that resulted in the alleged deprivation of her constitutional rights. A municipality "may not be sued under § 1983 for an injury inflicted solely by its employees or agents." *Monell v. Department of Social Services*, 436 U.S. 658, 694 (1978). For a municipality to be liable, a plaintiff must demonstrate the existence of an official municipal policy or custom that caused the complained-of injury. *See Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985). To demonstrate the existence of an official policy or custom, a plaintiff must allege facts establishing that that there was "(1) a formal policy officially endorsed by the municipality; (2) action[] taken by government officials responsible for establishing the municipal policies that caused the particular deprivation; (3) a practice so consistent and widespread that, although not expressly authorized, constitutes a custom or usage of which a supervising policy-maker must have been aware; or (4) a failure by policymakers to provide adequate training or supervision to subordinates to such an extent that it

amounts to deliberate indifference to the rights of those who came into to contact with the municipal employees." *Brandon v. City of N.Y.*, 705 F. Supp. 2d 261, 276-77 (S.D.N.Y. 2010) (internal citations omitted). In addition, "[w]hen the defendant … [is an] individual sued in his official capacity … the plaintiff is required to show that the challenged acts were performed pursuant to a municipal policy or custom." *Patterson v. Cty. of Oneida, New York*, 375 F.3d 206, 226 (2d Cir. 2004).

In support of her Fourteenth Amendment Equal Protection Clause claim, Plaintiff attempts to plead the existence of a policy of anti-white discrimination by pointing to the ITRHI. *See* Compl. ¶ 49. Plaintiff claims that the goal of this initiative is to "cease hiring Caucasian principals and hire only people of color." *Id.* Plaintiff's claims regarding the ITRHI are verifiably false. The purpose of the ITRHI is to "find the best candidate" regardless of race, ethnicity, gender identity, disability, sexual orientation, or other protected characteristics. *See generally* Exh. A. "A plaintiff cannot state a plausible *Monell* claim by simply pointing to a municipal policy and baldly alleging that the policy means the opposite of what it says." *Kubicek v. Westchester County*, No. 08-CV-372 (KMK), 2009 U.S. Dist. LEXIS 117061, at *35 (S.D.N.Y. Oct. 8, 2009). The Complaint does not state a *Monell* claim because the ITRHI simply does not say what Plaintiff claims it says.

Plaintiff does not point to a municipal policy to support *Monell* liability premised upon First Amendment or Fourteenth Amendment Due Process Clause violations. *See generally* Compl. Indeed, Plaintiff characterizes the alleged due process violations which she complains of as "random, unauthorized act[s]," *see infra* Section I.F.iv, that violated the law and official policy, rather than being the result of said official policy.

To the extent that Plaintiff attempts to establish *Monell* liability via the theory that either individual defendant is a municipal policymaker, such attempt fails. Plaintiff admits that Superintendent Wilson is not a municipal policymaker because she "is subject to the authority of Chancellor Banks in all areas of municipal policymaking." *See* Compl. ¶ 50; *see also Agosto v. N.Y. City Dep't of Educ.*, 982 F.3d 86, 98 (2d Cir. 2020) (internal quotations omitted) ("The authority to make policy necessarily means the authority to make final policy.").

Plaintiff is correct that Chancellor Banks qualifies as a municipal policymaker. *See* Compl. ¶ 51. Chancellor Banks has "authori[ty] to implement … such regulations and by-laws as may be necessary … for the general management, operation, control, maintenance and discipline of the schools," *Agosto*, 982 F.3d at 98 (citing N.Y. Educ. L. §§ 2590-h(17), 2554(13)(a)), "and to promulgate such rules and regulations as [he] may determine to be necessary or convenient to accomplish the purposes of the New York Education Law." *Id.* (citing N.Y. Educ. L § 2590-h(16)) (cleaned up). But, as established herein, the policy for which Chancellor Banks is allegedly responsible, the ITRHI, does not stand for what Plaintiff claims it stands for. Nor does Plaintiff allege that Chancellor Banks was in any way directly involved in the challenged conduct. *See Littlejohn*, 795 F.3d at 314 (internal quotations and citations omitted) ("An individual may be held liable under §§ 1981 and 1983 only if that individual is personally involved in the alleged [constitutional] deprivation.")

Accordingly, Plaintiff fails to adequately allege facts establishing *Monell* liability or liability for Superintendent Wilson and Chancellor Banks in their official capacity.

### ii. Plaintiff's First Amendment Claims Fail Because Plaintiff Did Not Engage in Protected Speech.

Plaintiff's First Amendment claim is premised upon unprotected speech. To state a First Amendment claim, a plaintiff must allege that: "(1) [her] speech or conduct was protected by

the First Amendment; (2) the defendant[s] took adverse action against [her]; and (3) there was a causal connection between this adverse action and the protected speech." *Matthews v. City of New York*, 779 F.3d 167, 172 (2d Cir. 2015) (citations omitted). "Speech by a public employee is protected by the First Amendment only when the employee is speaking 'as a citizen ... on a matter of public concern.'" *Ross v. Breslin*, 693 F.3d 300, 305 (2d Cir. 2012) (internal quotation omitted).

Plaintiff's speech was pursuant to Plaintiff's official duties as a principal. A public employee's speech is "made pursuant to ... official duties" where "the speech ... owes its existence to a public employee's professional responsibilities." *Weintraub v. Bd. of Educ. of City Sch. Dist. of City of New York*, 593 F.3d 196, 203 (2d Cir. 2010) (quotation omitted). Plaintiff claims that Defendants retaliated against her because she reported a teacher's alleged physical abuse of a student. *See* Compl. ¶¶ 83-93. But such a report "fall[s] squarely within [her] duty as a[] principal to protect [her] students." *Fierro v. City of New York*, No. 1:20-cv-09966-GHW, 2022 U.S. Dist. LEXIS 24549, at *15 (S.D.N.Y. Feb. 10, 2022) (citation omitted); *see Verdi v. City of New York*, 306 F. Supp. 3d 532, 548 (S.D.N.Y. 2018) (finding an assistant principal's reports of issues related to student safety were made within the scope of his official duties, and thus were not protected by the First Amendment). Accordingly, Plaintiff fails to state a claim for First Amendment retaliation.

### iii. Plaintiff's Fourteenth Amendment Equal Protection Claims Fail Because Plaintiff Does Not Adequately Allege Discriminatory or Retaliatory Animus.

Plaintiff's Equal Protection Clause claim fails for the same reasons as her statutory discrimination and retaliation claims. Discrimination and retaliation claims asserting violations of Title VII and the Equal Protection Clause of the Fourteenth Amendment are analyzed under the same standard. *See Annis v. County of Westchester*, 136 F.3d 239, 245 (2d Cir. 1998); *Hicks v. Bains*, 593 F.3d 159 (2d Cir. 2010).

Like her statutory discrimination claims, Plaintiff's equal protection discrimination claim fails because she alleges that some white employees received more favorable treatment and that Superintendent Wilson was responsible for Plaintiff's promotion to Principal. *See supra* Section I.E.i-ii. Further, Plaintiff provides plausible alternative reasons for her discontinuation and demotion. *See id.* And like her statutory retaliation claims, Plaintiff's equal protection retaliation claim fails because the gradual adverse employment actions which Plaintiff claims precipitated her discontinuance began before she engaged in protected activity. *See supra* Section I.E.iii. Accordingly, Plaintiff's Equal Protection Clause claim fails.

iv.   **Plaintiff's Fourteenth Amendment Due Process Claims Fail Because Plaintiff's Employment Was Probationary and an Adequate Post-Deprivation Remedy Exists.**

Plaintiff's Due Process Clause claim fails because her positions as Principal and Education Administrator were probationary, *see* Compl. ¶¶ 58, 99, and thus she did not have a property interest in either position. To state a Due Process Clause claim, a plaintiff must: (1) identify a property right; (2) show that the government deprived her of that right; and (3) show that the deprivation was effected without due process. See *Gentleman v. State Univ. of N.Y. Stony Brook*, No. 21-1102-cv, 2022 U.S. App. LEXIS 12430, at *4 (2d Cir. May 9, 2022).

Probationary employees do not have cognizable property interests in their employment. *See Desir v. City of New York*, 453 F. App'x 30, 36 (2d Cir. 2011) (finding that a probationary teacher had no Fourteenth Amendment property interest in his position at the time of his termination); *Guerra v. Jones*, 421 Fed. App'x 15, 18 (2d Cir. 2011) (observing that a probationary teacher "has no Fourteenth Amendment property interest in continued employment"); *Williams v. N.Y. City Dep't of Educ.*, No. 19 Civ. 1353 (CM), 2019 U.S. Dist. LEXIS 147789 (S.D.N.Y. Aug. 28, 2019) (holding that a probationary principal did not have a

Fourteenth Amendment property right in her employment). Plaintiff cannot premise her Due Process Clause claim upon the loss of her probationary employment.

Further, Plaintiff alleges that the loss of her alleged property right in her employment was in violation of federal and state law and policy and thus was a random, unauthorized act. Plaintiff alleges that she was demoted "[d]ue to Defendants' racial discrimination and out of retaliation." As established *supra* Section I.F.i, Plaintiff does not adequately plead the existence of municipal policies or practices to establish *Monell* liability. Thus, Plaintiff's Due Process Clause claim is premised upon random, unauthorized acts. Where a plaintiff claims that the loss of an alleged property right "a random, unauthorized act by a state employee … the [Due Process Clause] is not violated … so long as the State provides a meaningful post[-]deprivation remedy." *Susser v. N.Y.C. Dep't of Educ.*, No. 22-CV-51 (AMD) (VMS), 2023 U.S. Dist. LEXIS 95802, at *4-5 (E.D.N.Y. May 31, 2023) (collecting cases).

"The Second Circuit 'has held on numerous occasions' that where … a party sues the state and its officials and employees for the arbitrary and random deprivation of a property or liberty interest,' an Article 78 proceeding is a perfectly adequate post[-]deprivation remedy.'" *Id.* at *7 (quoting *Grillo v. New York City Transit Auth.*, 291 F.3d 231, 234 (2d Cir. 2002)). "[T]he Second Circuit has found New York's Article 78 review to be a perfectly adequate post-deprivation remedy in the context of employment termination. *Broomer v. Huntington Union Free Sch. Dist. Carmen Casper*, Nos. 12-CV-574 (DRH) (AKT), 2013 U.S. Dist. LEXIS 113971, at *13 (E.D.N.Y. Aug. 13, 2013) (citation omitted). Plaintiff may challenge her discontinuance and demotion in a state court Article 78 proceeding. Accordingly, the Complaint fails to state a claim for violation of the Fourteenth Amendment Due Process Clause.

**G.      Plaintiff Does Not Qualify as a Whistleblower Under § 740 Because DOE is a Public Employer.**

NYLL § 740 does not apply to public employers. *Ryan v. New York City Dep't of Educ.*, No. 11-Civ.-1628 (JBW), 2011 U.S. Dist. LEXIS 118352, at *8 (E.D.N.Y. Oct. 12, 2011) (dismissing NYLL § 740 claim against DOE); *Dibiase v. Barber*, No. CV 06-5355 (AKT), 2008 U.S. Dist. LEXIS 75664, *5 (EDNY 2008) (dismissing NYLL § 740 claim against a public fire department). DOE is a public employer as defined by NYLL § 740. *See Ryan*, 2011 U.S. Dist. LEXIS 118352, at *8. Accordingly, Plaintiff may not maintain a claim against DOE under NYLL § 740.

## CONCLUSION

For the foregoing reasons, the Court should dismiss the Complaint in its entirety and grant such other and further relief as the Court deems just and proper.

Dated:  New York, New York
        December 21, 2023

**HON. SYLVIA O. HINDS-RADIX**
Corporation Counsel of the
  City of New York
Attorney for Defendants
100 Church Street, 2nd Floor
New York, New York 10007
(212) 356-2203
bolert@law.nyc.gov


By:  _____/s/_____
        Bryan Carr Olert
        Assistant Corporation Counsel

Bryan Carr Olert,
  Of Counsel.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

HEATHER JANSEN,

Plaintiff,

-against-

THE CITY OF NEW YORK, NEW YORK CITY
DEPARTMENT OF EDUCATION, DAVID C. BANKS,
in his official capacity as Chancellor of the New York City
Department of Education and MARION WILSON, in her
official capacity as Superintendent of District 31 of the
New York City Department of Education,

Defendants.

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS THE AMENDED COMPLAINT

*HON. SYLVIA O. HINDS-RADIX*
*Corporation Counsel of the City of New York*
*Attorney for Defendants*
*100 Church Street*
*New York, New York 10007*

*Of Counsel: Bryan Carr Olert*
*Tel: (212) 356-2203*

*Due and timely service is hereby admitted.*

*New York, New York ................................................., 2023*

*................................................................................, Esq.*

*Attorney for............................................................................*