1:23-cv-06756-HG

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

HEATHER JANSEN,

                                            Plaintiff,

-against-

THE CITY OF NEW YORK, NEW YORK CITY DEPARTMENT OF EDUCATION, DAVID C. BANKS, in his official capacity as Chancellor of the New York City Department of Education and MARION WILSON, in her official capacity as Superintendent of District 31 of the New York City Department of Education,

                                              Defendants.

## REPLY MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS THE AMENDED COMPLAINT

*HON. SYLVIA O. HINDS-RADIX*
*Corporation Counsel of the City of New York*

    *Attorney for Defendants*
    *100 Church Street, 2nd Floor*
    *New York, New York 10007*

    *Of Counsel: Bryan Carr Olert*
    *Tel: (212) 356-2203*

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................... ii

PRELIMINARY STATEMENT ............................................................................................... 1

STATEMENT OF FACTS ........................................................................................................ 2

ARGUMENT ............................................................................................................................. 2

    POINT I ............................................................................................................................. 2

        PLAINTIFF'S NEW EXHIBIT DOES NOT
        REMEDY HER DEFICIENT COMPLAINT ............................................................ 2

    POINT II ............................................................................................................................ 3

        PLAINTIFF HAS ABANDONED HER CLAIMS ..................................................... 3

    POINT III .......................................................................................................................... 5

        THE COMPLAINT FAILS TO STATE A CLAIM
        UPON WHICH RELIEF MAY BE GRANTED ....................................................... 5

        A.   The Complaint Fails to State a *Monell* Claim or
             Claims Against the Individual Defendants in
             Their Official Capacities ................................................................................. 6

        B.   The Complaint Fails to State a Claim for First
             Amendment Retaliation. .................................................................................. 6

        C.   The Complaint Fails to State Claims for
             Disparate Treatment Discrimination or Hostile
             Work Environment. ......................................................................................... 8

        D.   The Complaint Fails to State a Claim for
             Retaliation. ....................................................................................................... 9

CONCLUSION ....................................................................................................................... 10

## **TABLE OF AUTHORITIES**

**Cases**                                                                                                                  Page(s)

*Budhani v. Monster Energy Co.*,
  No. 20-cv-1409 (LJL), 2021 U.S. Dist. LEXIS 232021 (S.D.N.Y. Dec. 3,
  2021) ...................................................................................................................................4

*Bueno v. Eurostars Hotel Co.*,
  No. 21-cv-535 (JGK), 2022 U.S. Dist. LEXIS 4605 (S.D.N.Y. Jan. 7, 2022) .........................4

*Fierro v. City of New York*,
  No. 1:20-cv-09966-GHW, 2022 U.S. Dist. LEXIS 24549 (S.D.N.Y. Feb. 10,
  2022) ...................................................................................................................................7

*Helprin v. Harcourt, Inc.*,
  277 F. Supp. 2d 327 (S.D.N.Y. 2003)...................................................................................3

*Madu, Edozie & Madu, P.C. v. Socketworks Ltd. Nigeria*,
  265 F.R.D. 106 (S.D.N.Y. 2010) ..........................................................................................3

*Piscottano v. Murphy*,
  511 F.3d 247 (2d Cir. 2007)..................................................................................................7

*Posner v. Marcus & Millichamp Corp. Real Estate Servs.*,
  180 F. Supp. 2d 529 (S.D.N.Y. 2002)...................................................................................8

*Ross v. Breslin*,
  693 F.3d 300 (2d Cir. 2012)..................................................................................................7

*Schnabel v. Abramson*,
  232 F.3d 83 (2d Cir. 2000)....................................................................................................8

*Telesford v. New York City Dep't of Educ.*,
  No. 16-cv-819 (CBA) (SMG), 2021 U.S. Dist. LEXIS 26242 (E.D.N.Y. Jan.
  6, 2021) ...............................................................................................................................10

*Verdi v. City of New York*,
  306 F. Supp. 3d 532 (S.D.N.Y. 2018)...................................................................................7

*Wilkov v. Ameriprise Fin. Servs., Inc.*,
  753 F. App'x 44 (2d Cir. 2018)............................................................................................4

*Wright v. Ernst & Young LLP*,
  152 F.3d 169 (2d Cir. 1998)..................................................................................................3

*Young v. Westchester County Dep't of Soc. Servs. & Judy Hagen*,
  57 Fed. Appx. 492 (2d Cir. 2003).......................................................................................10

## PRELIMINARY STATEMENT

Plaintiff Heather Jansen alleges that Defendants demoted her from her position as a school principal in June 2023 because she is white, barely a year after those same Defendants promoted her to that position. On January 16, 2024, Plaintiff filed papers in opposition to Defendants' motion to dismiss ("P. Opp."), including a new exhibit that was not filed with the pleadings. *See* ECF Dkt. 37. This Court must decide Defendants' motion without regard to the new exhibit because Plaintiff may not shore up her deficient complaint by submitting an extrinsic document in opposition to Defendants' motion. Otherwise, Plaintiff's opposition merely restates the allegations in the Complaint and fails to rebut Defendants' arguments in favor of dismissing this action in its entirety as laid out in Defendants' original memorandum of law ("D. Memo"). *See* ECF Dkt. 34.

First, Plaintiff abandoned the following claims by failing to address Defendants' arguments in favor of dismissal: all Title VII claims; all § 1981 claims; all § 1983 Fourteenth Amendment Due Process Clause claims; all § 1983 First Amendment *Monell* claims and claims against the individual defendants in their official capacities; and all claims against the City. In addition, Plaintiff affirmatively abandoned her whistleblower claim advanced pursuant to New York Labor Law § 740.

Second, all of Plaintiff's § 1983 claims must be dismissed. Plaintiff's *Monell* claims and all § 1983 claims against the individual defendants in their official capacities must be dismissed because Plaintiff fails to identify an official municipal policy or custom that caused the deprivation of a constitutional right. The Inclusive Teacher Recruitment and Hiring Initiative ("ITRHI") cannot support Plaintiff's Fourteenth Amendment Equal Protection Clause claim because the ITRHI is a facially neutral policy and Plaintiff does not adequately allege that Defendants applied the policy in an intentionally discriminatory manner that caused a

constitutional deprivation. Further, Plaintiff's First Amendment claim must be dismissed because she did not engage in protected speech.

Third, all of Plaintiff's disparate treatment discrimination claims pursuant to Title VII, the New York State Human Rights Law ("SHRL"), the New York City Human Rights Law ("CHRL"), and the Equal Protection Clause fail because Plaintiff does not adequately allege facts giving rise to an inference of discriminatory animus. Indeed, Plaintiff's anti-white discrimination claims are entirely implausible and contradict other allegations in the Complaint.

Fourth, Plaintiff's hostile work environment claims pursuant to Title VII, the SHRL, the CHRL, and the Equal Protection Clause must be dismissed because Plaintiff does not allege even *one* instance of harassment, let alone harassment based on her race.

Fifth, Plaintiff's retaliation claims pursuant to Title VII, the SHRL, the CHRL, and the Equal Protection Clause must be dismissed because the gradual adverse employment actions which Plaintiff claims precipitated her discontinuance began prior to her protected activities.

For these reasons and for the reasons set forth in Defendants' December 21, 2023 memorandum of law ("D. Memo"), *see* ECF Dkt. 34, the Complaint must be dismissed in its entirety.

### STATEMENT OF FACTS

For a complete statement of the material facts, Defendants respectfully refer the Court to their original memorandum of law in support of Defendants' motion to dismiss the Complaint. *See* ECF Dkt. 34 at 3-7.

### ARGUMENT

### POINT I

### PLAINTIFF'S NEW EXHIBIT DOES NOT REMEDY HER DEFICIENT COMPLAINT

2

This Court must decide Defendants' motion without regard to Exhibit 3, annexed to the Declaration of Olivia M. Clancy, described as an "image of a training slide during Plaintiff's training." *See* ECF Dkt. 37 ¶ 4. "Courts in this Circuit have made clear that a plaintiff may not shore up a deficient complaint through extrinsic documents submitted in opposition to a defendant's motion to dismiss." *Madu, Edozie & Madu, P.C. v. Socketworks Ltd. Nigeria*, 265 F.R.D. 106, 122-23 (S.D.N.Y. 2010); *see also Wright v. Ernst & Young LLP*, 152 F.3d 169, 178 (2d Cir. 1998) (plaintiff could not amend a complaint through a legal memorandum filed in opposition to a motion to dismiss). Contrary to Plaintiff's claim that Exhibit 3 is "incorporated by reference based on the allegations in the FAC," P. Opp. at 13 n.27, Exhibit 3 does not meet the standard for incorporation by reference. For documents to be incorporated by reference, a complaint must make "a clear, definite and substantial reference to those documents." *Helprin v. Harcourt, Inc.*, 277 F. Supp. 2d 327, 330-31 (S.D.N.Y. 2003). Plaintiff does not refer to Exhibit 3 in the Complaint. *See generally* Compl.

Accordingly, the Court must decide Defendants' motion to dismiss without consideration of Exhibit 3 because it is not incorporated by reference. Regardless, as explained *infra* Point III.B-C, Exhibit 3 is irrelevant to Plaintiff's claims of discrimination because it does not create an inference of discriminatory animus.

POINT II

PLAINTIFF HAS ABANDONED HER CLAIMS

Plaintiff abandoned the following claims by failing to address Defendants' arguments in favor of dismissal: all Title VII claims; all § 1981 claims; all § 1983 Fourteenth Amendment Due Process claims; all § 1983 First Amendment *Monell* claims and claims against the individual defendants in their official capacities; and all claims against the City. In addition, Plaintiff affirmatively abandoned her whistleblower claim advanced pursuant to New York Labor

3

Law § 740. Where a plaintiff fails to oppose arguments in a motion to dismiss, the plaintiff's claims must be deemed abandoned. *See Wilkov v. Ameriprise Fin. Servs., Inc.*, 753 F. App'x 44, 46 n.1 (2d Cir. 2018) ("We affirm the District Court's dismissal of those claims on the ground that they were 'abandoned' by [the plaintiff] when she failed to oppose them in her opposition to [the defendant's] motion to dismiss."). Courts also routinely dismiss claims where a plaintiff explicitly abandons those claims. *See, e.g.*, *Bueno v. Eurostars Hotel Co.*, No. 21-cv-535 (JGK), 2022 U.S. Dist. LEXIS 4605, at *8 n.2 (S.D.N.Y. Jan. 7, 2022) (granting a motion to dismiss where the "plaintiff explicitly abandoned her Title VII claims … in her opposition brief"); *Budhani v. Monster Energy Co.*, No. 20-cv-1409 (LJL), 2021 U.S. Dist. LEXIS 232021, at *8 (S.D.N.Y. Dec. 3, 2021) (holding that the plaintiff "abandoned his common-law claims by explicitly claiming to withdraw them").

In their initial brief Defendants made the following arguments which Plaintiff failed to rebut. First, Defendants argued that Plaintiff's § 1981 claim must be dismissed because § 1981 does not provide a cause of action against the state governmental units, including the City and the Department of Education ("DOE"). *See* D. Memo at Point I.C. Plaintiff does not dispute that she cannot maintain a § 1981 claim against the City or DOE. *See generally* P. Opp.

Second, Defendants argued that Plaintiff's Title VII discrimination and retaliation claims must be dismissed because Plaintiff failed to allege that she exhausted administrative remedies. *See* D. Memo at Point I.D. Although Plaintiff advances incorrect arguments concerning the merits of her Title VII claims in opposition, Plaintiff does not dispute that she failed to exhaust administrative remedies. *See generally* P. Opp.

Third, Defendants argued that Plaintiff's § 1983 Fourteenth Amendment Due Process Clause claims must be dismissed because Plaintiff did not have a property right in her

4

probationary employment and an adequate post-deprivation remedy exists. *See* D. Memo at Point I.F.iv. Plaintiff does not oppose either argument, and indeed admits that "[a] property interest is required for a due process claim" while still failing to argue that Plaintiff had a property interest in her probationary employment. *See* P. Opp. at 14.

Fourth, Defendants argued that Plaintiff's § 1983 First Amendment *Monell* claim and her claims against the individual defendants in their official capacities must be dismissed because Plaintiff does not identify a municipal policy or custom on which to premise her First Amendment claims. *See* D. Memo at Part I.F.i. Although Plaintiff advances incorrect arguments concerning the merits of her First Amendment claim in opposition, Plaintiff does not bother to identify a municipal policy or custom. *See generally* P. Opp.

Fifth, Defendants argued that all claims against the City must be dismissed because Plaintiff does not allege involvement of the City in any challenged actions and the City cannot be held liable for the actions of DOE or DOE employees. *See* D. Memo at Point I.B. Plaintiff does not dispute that the City cannot be held liable for the actions of DOE or DOE employees. *See generally* P. Opp.

Finally, Plaintiff affirmatively abandoned her New York Labor Law § 740 claim, writing "Plaintiff withdraws her § 740 whistleblower claim as section 740 does not apply to public employers." P. Opp. at 18.

Accordingly, the Court must dismiss the foregoing claims on abandonment grounds.

## POINT III

**THE COMPLAINT FAILS TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED**

5

### A. The Complaint Fails to State a *Monell* Claim or Claims Against the Individual Defendants in Their Official Capacities.

As established in Defendants' original memorandum of law, Plaintiff does not plead facts showing that DOE maintains a policy or custom that resulted in the deprivation of her constitutional rights. *See* D. Memo at Point I.F.i. After abandoning her First Amendment *Monell* claim and Fourteenth Amendment Due Process Clause claims in their entirety, *see supra* Point II, Plaintiff does actually attempt to identify a policy or custom upon which to premise her Fourteenth Amendment Equal Protection Clause claims. As described below, Plaintiff's attempt fails.

Plaintiff is correct that a plaintiff need not necessarily identify an express written policy in order to establish the municipal custom or policy on which to premise a *Monell* claim. *See* P. Opp. at 12. But the policy that Plaintiff points to—the ITRHI—*is* a written policy that is expressly intended to *prevent* race-based and other bias in the hiring process for teachers. *See* DOE, *Inclusive Teacher Recruitment & Hiring Toolkit* (last visited Dec. 11, 2023), https://teachnyc.net/assets/Inclusive_Teacher_Recruitment__Hiring_Initiative/ITRHI_-_Toolkit_(2).pdf?utm_source=website&utm_medium=HIRE&utm_campaign=ITRHI+Launch. Indeed, the ITRHI is entirely irrelevant to Plaintiff's claims because it applies to the *hiring* of *teachers* and does not address the *removal* of *principals*. *See generally id.* Nor does Exhibit 3 appear to relate to hiring, demotion, or other personnel decisions. *See* Exh. 3.

The Court must dismiss Plaintiff's Equal Protection Clause *Monell* claim and claims against the individual defendants in their official capacities along with her abandoned First Amendment and Due Process Clause claims because Plaintiff fails to identify a municipal policy or custom that resulted in the deprivation of her Fourteenth Amendment right to equal protection.

### B. The Complaint Fails to State a Claim for First Amendment Retaliation.

The Court must dismiss Plaintiff's First Amendment retaliation claim because Plaintiff's official report that a subordinate teacher at her school allegedly abused a student at school during school hours, *see* Compl. ¶¶ 83, 90-92, was pursuant to her official duties as a school principal. Although Plaintiff is correct that speech by a public employee is protected by the First Amendment only when the employee is speaking "as a citizen … on a matter of public concern," *Piscottano v. Murphy*, 511 F.3d 247, 269-70 (2d Cir. 2007), the condition that a public employee's speech concerns "a matter of public concern" is necessary but not sufficient for that speech to qualify for First Amendment protection. In *Garcetti v. Ceballos*, the Supreme Court held that "when public employees make statements pursuant to their official duties, the employees are not speaking as citizens for First Amendment purposes, and the Constitution does not insulate their communications from employer discipline." 547 U.S. 410, 421 (2006). "This is true *even when* the subject of an employee's speech is a matter of public concern." *Ross v. Breslin*, 693 F.3d 300, 305 (2d Cir. 2012) (citations omitted) (emphasis added).

Plaintiff's speech—filing an official report regarding a subordinate teacher's alleged abuse of a student at school during school hours—was plainly pursuant to Plaintiff's official duties. *See Fierro v. City of New York*, No. 1:20-cv-09966-GHW, 2022 U.S. Dist. LEXIS 24549, at *15 (S.D.N.Y. Feb. 10, 2022) (citation omitted) (holding that an assistant principal's reports of a school employee's abuse of students "f[e]ll squarely within [her] duty as a[] principal to protect [her] students."); *Verdi v. City of New York*, 306 F. Supp. 3d 532, 548 (S.D.N.Y. 2018). Regardless of whether Plaintiff's speech was about a matter of public concern, the speech was "pursuant to [her] official duties," and thus "the Constitution does not insulate [her] communications from employer discipline." *Garcetti*, 547 U.S. at 421. Accordingly, Plaintiff's

7

retaliation claims based on her official report about a subordinate teacher fail because her report is not protected activity under the First Amendment.

C. **The Complaint Fails to State Claims for Disparate Treatment Discrimination or Hostile Work Environment.**

Plaintiff's disparate treatment discrimination claims and hostile work environment claims pursuant to Title VII, the Fourteenth Amendment Equal Protection Clause, the SHRL, and the CHRL must be dismissed because the Complaint does not allege facts giving rise to an inference that Defendants demoted Plaintiff because she is white. As described in Defendants' original memorandum, Plaintiff's discrimination claims are entirely implausible for at least six reasons. *See* D. Memo at Points I.E.i and I.F.iii.

First, and most notably, Plaintiff alleges that the same actor—Superintendent Wilson—was involved in her promotion to principal and her demotion from principal within the span of barely a year. "[W]here the person who made the decision to fire was the same person who made the decision to hire, it is difficult to impute to her an invidious motivation that would be inconsistent with the decision to hire." *Schnabel v. Abramson*, 232 F.3d 83, 91 (2d Cir. 2000); *Posner v. Marcus & Millichamp Corp. Real Estate Servs.*, 180 F. Supp. 2d 529, 532 n.10 (S.D.N.Y. 2002) (noting when granting a motion to dismiss that "the fact that an employee was hired and fired within a short period by the same person is strong evidence of the absence of discriminatory motive"). DOE appointed Superintendent Wilson as the Superintendent of Staten Island in March 2021. *See* Compl. ¶ 44. Superintendent Wilson "officially appointed" Plaintiff to the position of Principal in March 2022. *See id.* ¶ 52. The Court must dismiss Plaintiff's discrimination claims because it is implausible that Superintendent Wilson would promote Plaintiff to Principal, knowing full well that Plaintiff is white, and then demote Plaintiff barely a year later in June 2023, *see id.* ¶ 97, because she is white.

Second, Plaintiff fails to identify similarly-situated non-white colleagues who received better treatment. Third, Plaintiff identifies at least one similarly-situated white principal who received better treatment. Fourth, Plaintiff proffers a plausible, non-discrimination reason for the discontinuance of her position—poor performance. Fifth, Plaintiff's passing reference to an article to the New York post that reports on the existence of "anti-white texts" is the sort of allegation that is too vague and conclusory to evince discriminatory intent. Sixth, the ITRHI does not express a racial preferences in hiring or other personnel decisions.

Further, Plaintiff's annexation of Exhibit 3 to her opposition papers does not salvage her deficient discrimination claims. Plaintiff alleges that Exhibit 3 was presented during "a training session," but does not allege the nature or purpose of the training. *See* P. Opp. at 13. Nor does Plaintiff explain how Exhibit 3 relates personnel decisions such as her demotion or provide any other information about the context in which Exhibit 3 was presented. *See generally id.* Thus, Exhibit 3 cannot salvage Plaintiff's deficient discrimination claims, and Plaintiff fails to allege facts giving rise to an inference that Defendants demoted her because she is white.

In addition, as stated in their original memorandum of law, Plaintiff fails to state a claim for hostile work environment because she does not allege that Defendants subjected her to any discriminatory race-based comments or other harassing behavior involving her race. *See* D. Memo at Point I.E.ii. Nor does Plaintiff adequately allege that Defendants took any challenged actions because of her race. *See id.* Point I.E.i.

Accordingly, the Court must dismiss Plaintiff's disparate treatment and hostile work environment claims.

**D.** **The Complaint Fails to State a Claim for Retaliation.**

Plaintiff's retaliation claims pursuant to Title VII, the Fourteenth Amendment Equal Protection Clause, the SHRL, and the CHRL must be dismissed because Plaintiff does not allege facts showing causation between protected activity and adverse action.

Neither Plaintiff's union's February 17, 2023 complaint to DOE on Plaintiff's behalf, Plaintiff's complaint to SCI on May 12, 2023, nor her grievances filed with her union in May and June 2023, *see* Compl. ¶¶ 74, 94-96, can support Plaintiff's retaliation claim because the gradual adverse employment actions which Plaintiff claims caused her demotion began prior to these protected activities. Specifically, Plaintiff admits that Superintendent Wilson "expressed her intention to remove Plaintiff" on February 13, 2023, before any of these protected activities. *See id.* ¶ 68. "[W]here the adverse action was already ongoing at the time of the protected activity … logic precludes any inference of causation." *Young v. Westchester County Dep't of Soc. Servs. & Judy Hagen*, 57 Fed. Appx. 492, 495 (2d Cir. 2003); *see Telesford v. New York City Dep't of Educ.*, No. 16-cv-819 (CBA) (SMG), 2021 U.S. Dist. LEXIS 26242, at *9 (E.D.N.Y. Jan. 6, 2021) ("[T]emporal proximity alone will not raise an inference of discrimination when gradual adverse job actions began well before the employee … incurred the adverse employment actions."). Further, as with her claims of discrimination, Plaintiff's furnishing of an alternative, non-retaliatory explanation for her discontinuance belies her retaliation claims. *See supra* Section I.E.i; *Dames*, 2023 U.S. Dist. LEXIS 138006, at *4; *Akyar*, 2018 U.S. Dist. LEXIS 155789, at *3.

Accordingly, the Court must dismiss Plaintiff's retaliation claims because the Complaint lacks allegations showing causation between protected activities and adverse actions.

## **CONCLUSION**

For the foregoing reasons and for the reasons set forth in Defendants' December 21, 2023 Memorandum of Law, the Court should dismiss the Complaint in its entirety and grant such further relief as the Court deems just and proper.

Dated: New York, New York
February 9, 2024

                **HON. SYLVIA O. HINDS-RADIX**
                Corporation Counsel of the
                  City of New York
                Attorney for Defendants
                100 Church Street, 2nd Floor
                New York, New York 10007
                (212) 356-2203
                bolert@law.nyc.gov

                By:         /s/
                      Bryan Carr Olert
                      Assistant Corporation Counsel

cc:       All parties via ECF

1:23-cv-06756-HG

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

HEATHER JANSEN,

                                                                       Plaintiff,

-against-

THE CITY OF NEW YORK, NEW YORK CITY DEPARTMENT OF EDUCATION, DAVID C. BANKS, in his official capacity as Chancellor of the New York City Department of Education and MARION WILSON, in her official capacity as Superintendent of District 31 of the New York City Department of Education,

                                                                       Defendants.

## REPLY MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS THE AMENDED COMPLAINT

*HON. SYLVIA O. HINDS-RADIX*
*Corporation Counsel of the City of New York*
    *Attorney for Defendants*
    *100 Church Street*
    *New York, New York 10007*

    *Of Counsel:  Bryan Carr Olert*
    *Tel: (212) 356-2203*

*Due and timely service is hereby admitted.*

*New York, New York  ................................., 2024*

*................................................................., Esq.*

*Attorney for............................................................*